1999 UT 26

**AIRPORT HILTON VENTURES, LTD., Petitioner,**

v.

**UTAH STATE TAX COMMISSION, Respondent.**

No. 970568.

Supreme Court of Utah.

March 26, 1999.

Brian J. Romriell, Stephen E.W. Hale, Salt Lake City, attorneys for plaintiff

Jan Graham, Att'y Gen., Susan L. Barnum, Asst. Att'y Gen., attorneys for defendant

ZIMMERMAN, Justice:

■ ¶1 Airport Hilton Ventures, Ltd. ("Hilton") seeks review of a Tax Commission ("Commission") order assessing sales and use taxes (hereinafter collectively referred to as "sales taxes") and transient room taxes on charges Hilton made for guaranteed hotel accommodations for the period of January 1992 through March 1995. In finding Hilton liable, the Commission relied on Utah Administrative Code R865–19S–79, a rule the Commission promulgated to implement section 59–12–103(1)(i) of the Code. We conclude that this rule is invalid because it does not comport with the plain language of the authorizing statute. Therefore, the Commission erred in relying on the rule.

¶2 Before the Commission, the parties stipulated to the following facts. Hilton owned and operated the Airport Hilton Inn in Salt Lake City. It entered into written contracts with various transportation companies to provide accommodations to their crews. Under these contracts, Hilton guaranteed the availability of a specified number of rooms and guaranteed the rate it would charge the transportation companies. The number of rooms to be made available and the rates charged were adjusted between the hotel and the transportation companies periodically, but never more than once a month. The rate charged per room was a daily rate, but Hilton billed the transportation companies monthly for the number of rooms guaranteed for that month, whether or not the companies used the rooms. The transportation companies paid for the rooms at the end of each month. Hilton did not assign the transportation companies specific rooms to use during the month-long periods.

¶3 The Auditing Division of the Commission audited Hilton for sales and transient room tax for the period of January 1992 through March 1995. It then issued a notice assessing additional taxes. Hilton petitioned for a redetermination. The Commission held a formal hearing and, on October 28, 1997, the Commission issued its final decision. It concluded that the Auditing Division had properly assessed the taxes. Hilton then filed a petition for review with this court.

¶4 As an initial matter, all parties agree that the arrangements between the transportation companies and Hilton do not satisfy the Commission's rule. The issue, however, is whether the rule is valid. The key to determining the validity of the imposition of tax liability on Hilton is whether the rule, R865–19S–79, is consistent with the authorizing statutes. There are two statutes which the rule purports to implement: section 59–12–103(1)(i), ("the sales tax statute") and section 59–12–301 ("the transient room tax statute"). The sales tax statute reads:

(1) There is levied a tax on the purchaser for the amount paid or charged for the following:

. . . .

(i) tourist home, hotel, motel, or trailer court accommodations and services for less than 30 consecutive days.

Utah Code Ann. § 59–12–103(1)(i) (1996).[1] The transient room tax statute reads:

(1) Any county legislative body may impose a transient room tax not to exceed 3% of the rent for every occupancy of a suite, room, or rooms on all persons, companies, corporations, or other similar persons, groups, or organizations doing business as motor courts, motels, hotels, inns, or similar public accommodations.

(2) Any county legislative body may, from time to time, increase or decrease the transient room tax as necessary or desirable and shall regulate the transient room tax by ordinance.

Utah Code Ann. § 59–12–301 (1996).[2] The word "transient" used in section 59–12–301 is defined in section 17–31–4 of the Code, which reads in relevant part:

any person who occupies any suite, room, or rooms in a motel, hotel, motor court, inn, or similar public accommodation for fewer than 30 consecutive days.

Utah Code Ann. § 17–31–4 (1995).[3] These are the statutes which the Commission is authorized to administer and under which Hilton was assessed.

¶ 5 The Commission promulgated two regulations pursuant to sections 59–12–103 and 59–12–301. The first is R865–19S–96 of the Utah Administrative Code. It binds the two statutes together. It insures that whenever an individual must pay sales tax, that person must also pay transient room tax. Rule R865–19S–96 states:

A. Utah Code Ann. Section 59–12–301 authorizes any board of county commissioners to impose a transient room tax. The transient room tax shall be charged in addition to sales tax authorized in 59–12–103(i).

B. The transient room tax shall be charged on the rental price of any motor court, motel, hotel, inn, tourist home, campground, mobile home park, recre-

ational vehicle park or similar business where the rental period is less than 30 consecutive days.

Utah Admin. Code R865–19S–96 (Supp. 1997). The second rule, and the one the validity of which is the central issue in this appeal, is R865–19S–79. It defines what constitutes the purchase of "accommodations and services" for longer than 30 days under the sales tax statute, section 59–12–103. Rule R865–19S–79 reads:

A. Definitions

. . . .

B. Tax shall not apply where residency is maintained continuously under the terms of a written agreement for 30 days or more.

1. The written agreement must identify the specific room, apartment, unit, trailer, or space to park a trailer that will be occupied for the period.

2. The accommodations or services must be billed at a specified monthly rate and not an accumulation of daily rates.

Utah Admin. Code R865–19S–79 (Supp. 1997). Taken together, these two rules require Hilton to charge both transient room tax and sales tax whenever the conditions of R865–19S–79 are not met.

¶ 6 Any regulations promulgated by the Commission that interpret or implement sections 59–12–103, 59–12–301, or 17–31–4 of the Code must be in harmony with the language of these statutes. *See SF Phosphates Ltd. Co. v. Auditing Div.*, 972 P.2d 384, 385 (Utah 1998) (holding agency may not adopt regulations which confer greater rights or disabilities than underlying statute). The question at issue is whether R865–19S–79 is in keeping with these statutes.

¶ 7 We first set out the standard of review. Under section 59–1–610(1)(b) of the Code:

---

1. Section 59–12–103(1)(i) has been amended since the Commission made its decision. We apply the law as it then existed but note that the section has not changed in any relevant part.

2. Section 59–12–301 has been amended since the Commission made its decision. We apply the

law as it then existed and note that the law has not changed in any way relevant to this opinion.

3. Section 17–31–4 has been amended since the Commission made its decision. We apply the law as it then existed and note that it has not changed in any way relevant to this opinion.

(1) When reviewing formal adjudicative proceedings commenced before the commission, the Court of Appeals or Supreme Court shall:

. . . .

(b) grant the commission no deference concerning its conclusions of law, applying a correction of error standard, unless there is an explicit grant of discretion contained in a statute at issue before the appellate court.

Utah Code Ann. § 59–1–610(1)(b)(1996). This no-deference standard must be applied unless a statute expressly grants the agency discretion to interpret a statute. *See id.; see also Harper Inv. v. Auditing Div.*, 868 P.2d 813, 815 (Utah 1994); *Morton Int'l Inc. v. Auditing Div.*, 814 P.2d 581, 588–89 (Utah 1991); *Mt. Olympus Waters, Inc. v. Utah State Tax Comm'n*, 877 P.2d 1271, 1271–72 (Utah Ct.App.1994). There is no explicit statutory grant of discretion to the Commission to interpret sections 59–12–103(1)(i), 59–12–301, or 17–31–4.[4] Therefore, the agency's interpretation of these statutes, as evidenced by the rule it has promulgated, is a legal determination which we review for correctness.

 ¶ 8 The question is whether R865–19S–79 is in harmony with 59–12–103(1)(i). As this court recently held in *SF Phosphates*, we will uphold the Commission's rule only if, *inter alia*, it does not "confer greater rights or disabilities" than the underlying statute. 972 P.2d 384, 386, 346 Utah Adv. Rep. 18, 18. In *Crowther v. Nationwide Mutual Insurance Co.*, the Utah Court of Appeals correctly held that an agency may not take actions which " 'conflict with design of an Act, and when they do the court has a duty to invalidate them.' " 762 P.2d 1119, 1122 (Utah Ct.App.1988) (quoting *Travelers Indem. Co. v. Barnes*, 191 Colo. 278, 552 P.2d 300, 303 (1976)).

¶ 9 The statutes at issue operate as tax imposition statutes—they describe who will be taxed. We " 'construe taxation statutes liberally in favor of the taxpayer, leaving it to the legislature to clarify an intent to be more restrictive if such intent exists.' " *County Bd. of Equalization v. Utah State Tax Comm'n*, 944 P.2d 370, 374 (Utah 1997) (quoting *Salt Lake County v. State Tax Comm'n*, 779 P.2d 1131, 1132 (Utah 1989)); *see also SF Phosphates Ltd.*, 972 P.2d at 386.[5]

¶ 10 Bearing these rules of construction in mind, we first address the statutes in question. Under section 59–12–103(1)(i) and 59–12–301, to be taxed, one must use public accommodations for "fewer than 30 consecutive days." Longer periods of occupancy are not taxed. The statutes appear to make the period of occupancy the relevant determinant of taxability of the transaction, not whether the occupancy is of a specific room, the agreement is written, or the billing occurs monthly.

¶ 11 For example, section 59–12–103(1)(i) imposes a tax on "the purchaser for the amount paid or charged for . . . hotel, motel, or trailer court accommodations and services for less than 30 days." From the plain language, it would appear that one purchasing "accommodations" at a hotel for more than 30 days would not be covered by the tax, regardless of whether that purchaser used one room continuously or used a different room each night. And section 59–12–301, taken together with section 17–31–4, defines a "transient" for the purposes of the transient room tax as "any person who occupies any suite, room, or rooms in a motel, hotel, motor court, inn, or similar public accommodation for fewer than 30 consecutive days." Again, the statute does not specifically require that one occupy the same room for more than 30 consecutive days to fall outside the scope of the tax. The critical issue

---

4. The Utah Court of Appeals has correctly noted that the Commission has been granted authority to administer the tax code, but that an administrative grant to administer a statute is not to be confused with a grant of discretion to interpret the statute. *See Belnorth Petroleum Corp. v. State Tax Comm'n*, 845 P.2d 266, 268 n. 5 (Utah Ct. App.1993) (citations omitted).

5. The rule is different for statutes granting exemptions from taxation. In such cases, this court construes the statute strictly against the taxpayer. *See SF Phosphates*, 972 P.2d at 386, 346 Utah Adv. Rep. at 19; *see also Newspaper Agency Corp. v. Auditing Div.*, 938 P.2d 266, 270 (Utah 1997).

seems to be the requirement of 30 consecutive days of occupancy. Similarly, the statutes do not require that the accommodations purchased for 30 days or more be priced in any particular way in order to avoid taxation. Again, the criterion which determines whether one is taxed seems to be the length of the period of accommodations purchased.

¶ 12 We next address the rule promulgated by the Commission to implement these statutes. It is apparent that the Commission's rule has added other criteria to the statute determining taxability. In effect, the rule provides that although one may have purchased accommodations for 30 days or more, one is still subject to the taxes unless other indicia that the Commission thinks constitute "residency" are present, including (i) a written agreement identifying a specific room to be used and (ii) billing at a monthly rate rather than an accumulation of daily rates. The net effect of the rule, then, is that the Commission is extending the reach of these two taxes beyond what a narrow reading of the statutes would allow. This is prohibited by *SF Phosphates. See* 972 P.2d at 384 (Utah 1998). The way in which the rule reaches beyond the statute in imposing the tax is easily seen. For example, under the rule, a long-term resident of a hotel who does not have a written agreement with the hotel would be required to pay sales tax, even if occupying only one room. Similarly, a student who rents a home as a month-to-month tenant without a written lease would pay the tax as well. But, even if a long-term hotel guest were to memorialize the arrangement in writing, the Commission would still tax her if she were interested in a change of scenery and switched rooms midway through the month. None of this is contemplated by the statute. Therefore, the rule is beyond the scope of the Commission's power and is invalid.

¶ 13 We note for future reference that when the Commission promulgates rules for administering taxing statutes, it would be reasonable for it to take into account the approach that this court takes in construing tax statutes. The fact that taxing statutes are construed in favor of the taxpayer and exemptions are construed against the taxpayer should be relevant to the Commission when it drafts its regulations.

¶ 14 In conclusion, Rule R865–19S–79 is too broad; it exceeds the power to assess sales and transient room tax as authorized by the authorizing statutes, and it is therefore stricken. The Commission relied on this rule in finding that Hilton owed the Auditing Division sales and transient room tax for the period from January of 1992 through March of 1995. But for this rule, Hilton would not have been found to owe taxes. Therefore, the order requiring Hilton to pay these taxes is overturned.

¶ 15 Judge ORME concurs in Justice ZIMMERMAN's opinion.

¶ 16 Justice STEWART concurs in the result.

¶ 17 Associate Chief Justice DURHAM does not participate herein; Court of Appeals Judge GREGORY K. ORME sat.

HOWE, Chief Justice, dissenting:

¶ 18 I dissent. In my opinion, rule R865–19S–79 is consistent with the taxing statutes that it implements.

¶ 19 It is important to bear in mind at the outset that it is the legislative intent that sales tax should be imposed on short hotel stays, but that stays of thirty days or more, which have residential characteristics, should not be taxed, just as the rental and leasing of homes and apartments are not taxed. In other words, the legislature intended to treat hotel stays of thirty days or more the same as it treats the rental and leasing of homes and apartments which are typically for one month or more. In the instant case, however, Hilton's arrangement with the transportation companies is vastly different from the typical residential lease or rental arrangement. Here, we have short stays by different people in different rooms, and the transportation companies are billed at daily rates.

¶ 20 The majority apparently requires an administrative rule to be an exact mirror of the statute it implements. I agree that a rule may not expand or narrow the exemption in the statute. However, rules are used

to apply statutes in particular circumstances and therefore must contain detail not found in the statutory language itself. The requirements in rule R865–19S–69 do not narrow the exemption, but simply impose requirements so that the legislative intent will be followed and the exemption will not be abused. The rule reasonably requires that in order for a stay of thirty days or more to be tax exempt, residency must be maintained continuously under the terms of a written agreement for thirty days or more. The written agreement must identify the specific room that will be occupied for the period. The room must be billed at a specified monthly rate, not an accumulation of daily rate. These requirements ensure that the legislative intent will be followed, i.e., that persons who reside in a hotel room for more than thirty days will be treated on a par with persons who might rent an apartment or a house for thirty days or more.

¶ 21 The requirement for a written agreement is not offensive since it simply furnishes proof for eligibility for the exemption. The requirement that a specific room must be identified ensures that a person will be occupying that room for thirty days or more, just as that person would in renting a home or apartment. The requirement that the room must be billed at a specified monthly rate again attempts to put the arrangement on par with that of a person renting or leasing an apartment or house for thirty days or more who are typically billed a monthly rate. Thus, I find nothing in the rule which narrows the exemption granted by the legislature. The rule simply ensures that the exemption will be given only in accordance with the legislative intent. The rule prevents the exemption from being utilized in situations other than where the legislature intended it to apply.

¶ 22 Justice RUSSON concurs in Chief Justice HOWE's dissenting opinion.