IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| John Dorsey, | ) | OPINION |
| | ) | |
| Petitioner, | ) | Case No. 20110817-CA |
| | ) | |
| v. | ) | |
| | ) | F I L E D |
| Department of Workforce Services, | ) | (December 20, 2012) |
| Workforce Appeals Board, | ) | |
| | ) | 2012 UT App 364 |
| Respondent. | ) | |

-----

Original Proceeding in this Court

Attorneys:      David E. Ross II, Park City, for Petitioner
                Amanda B. McPeck, Salt Lake City, for Respondent

-----

Before Judges Orme, McHugh and Voros.

VOROS, Judge:

¶1      John Dorsey (Claimant) seeks judicial review of an order of the Workforce Appeals Board. The Board ruled that Claimant was ineligible to receive unemployment benefits while out of the country and imposed an overpayment assessment and civil penalty for fraud. We set aside the Board's decision.

BACKGROUND[1]

¶2    Claimant worked for several years as a server at a restaurant in a seasonal resort area. The restaurant closed twice a year for several months, during which Claimant was on a seasonal job deferral with a return-to-work date established by his employer. As a result, Claimant was not required to search for work to be eligible for unemployment benefits. *See* Utah Code Ann. § 35A-4-403(3)(a) (LexisNexis Supp. 2012).[2] While the restaurant was closed, Claimant spent his time in Baja California, Mexico, camping on the beach and surfing. He had four such breaks from 2009 to 2011.[3] While in Mexico, Claimant was reachable by phone and email. He checked with his employer on a few occasions to verify that his return-to-work date had not changed. He was never asked to return early. Claimant was willing to return early if necessary; he could have driven or flown back within twenty-four hours.

¶3    While in Mexico, Claimant filed weekly claims for unemployment benefits with the Department of Workforce Services. Each time he answered "yes" to the question, "During the week, were you able and available for full-time work?" He did not, however, report to the Department that he was out of the country.

¶4    The Department denied unemployment insurance benefits for the periods Claimant was in Mexico, and the Administrative Law Judge (ALJ) affirmed on the ground that he was not available for full-time work.[4] *See* Utah Code Ann. § 35A-4-403(1)(c) (stating that an unemployed individual is eligible to receive benefits only if that individual "is able to work and is available for work"). The ALJ assessed an

---

[1]We recite the facts as found by the Administrative Law Judge and adopted by the Board.

[2]Because the 2012 amendments to the statute do not affect our analysis, we cite the current version of the Utah Code for the reader's convenience.

[3]Each period gave rise to a separate proceeding before the same administrative law judge; the cases were consolidated by the Board.

[4]Although the ALJ repeatedly used the phrase "able and available" in her findings and conclusions, Claimant's ability was never at issue.

overpayment of $7,581 and imposed a fraud penalty in the same amount. The Board affirmed.

¶5      The decision of the Board focused largely on Claimant's travel. It quoted a portion of the Claimant Guide requiring a claimant to inform the Department of travel outside the United States:

> "**You are required to notify the Claims Center if you travel or move to a location outside the United States.** Depending on the circumstances, travel or relocation to a foreign country could affect your continued eligibility for unemployment benefits."

(Emphasis in Claimant Guide.) The Board also quoted a department rule addressing activities that may affect availability. A portion of that rule states, "Unemployment benefits cannot be paid to a claimant located in a foreign country unless the claimant has authorization to work there and there is a reciprocal agreement concerning the payment of unemployment benefits with that foreign country." Utah Admin. Code Ann. R994-403-112c(2)(a)(i)(B) (LexisNexis Supp. 2011). Such a reciprocal agreement exists only with Canada. *Id.* R994-403-112c(2)(a)(i)(C) (LexisNexis 2012).

¶6      In its order, the Board explained the rationale behind the rule. Without a reciprocal agreement, a claimant might receive duplicate benefits or receive U.S. benefits while working in the foreign country. Moreover, benefits are intended to aid the local and national economy by providing purchasing power to unemployed persons. The Board stated that travel outside the United States or Canada "immediately renders a claimant ineligible for benefits unless the purpose of the trip is to seek, apply for, or accept work in a country where the claimant is eligible to work and the trip is less than two weeks."

¶7      The Board concluded that Claimant "traveled outside of the United States and failed to report information that he knew, or could readily have known, was required to be reported to the Department." It thus affirmed the denial of benefits and fraud overpayment penalty.

ISSUES AND STANDARDS OF REVIEW

¶8     Claimant challenges the Board's decision that he was ineligible for unemployment benefits while he was in Mexico on the ground that the Board misinterpreted the controlling administrative rule. We apply an intermediate standard of review to an agency's interpretation of its own rules, "deferring to an agency's interpretation as long as it is both reasonable and rational." *Westside Dixon Assocs. LLC v. Utah Power & Light Co./Pacificorp*, 2002 UT 31, ¶ 7, 44 P.3d 775. Our determination of reasonableness is guided by the fundamental principle that an agency's rules "must be construed in a manner consistent with the statute." *See SF Phosphates Ltd. v. Auditing Div., Utah State Tax Comm'n*, 972 P.2d 384, 386 (Utah 1998).

¶9     Claimant further challenges the Board's decision to impose a fraud penalty, arguing that the Board's decision was based on a misconstruction and misapplication of the underlying statute. An agency's interpretation and application of law is generally reviewed for correctness, but when the Legislature has granted the agency discretion to interpret or apply the law, we apply an intermediate standard of review. *Murray v. Labor Comm'n*, 2012 UT App 33, ¶¶ 12–13, 271 P.3d 192, *cert. granted*, 280 P.3d 421 (Utah 2012).

ANALYSIS

1. Claimant Was Able and Available to Work While in Mexico.

¶10    The Board's determination that Claimant "did not meet the requirement of being able and available" was based largely on its interpretation of administrative rule R994-403-112c. That rule addresses foreign travel as a factor affecting availability:

> (2) Activities Which Affect Availability.
>
> It is not the intent of the act to subsidize activities which interfere with immediate reemployment. A claimant is not considered available for work if the claimant is involved in any activity which cannot be immediately abandoned or interrupted so that the claimant can seek and accept full-time work.

(a) Activities Which May Result in a Denial of Benefits.

For purposes of establishing weekly eligibility for benefits, a claimant who is engaged in an activity for more than half the normal workweek that would prevent the claimant from working, is presumed to be unavailable and therefore ineligible for benefits. The normal workweek means the normal workweek in the claimant's occupation. This presumption can be overcome by a showing that the activity did not preclude the immediate acceptance of full-time work, referrals to work, contacts from the Department, or an active search for work. *When a claimant is away from his or her residence but has made arrangements to be contacted and can return quickly enough to respond to any opportunity for work, the presumption of unavailability may be overcome. The conclusion of unavailability can also be overcome in the following circumstances:*

(i) Travel Which is Necessary to Seek Work.

(A) *Benefits will not be denied if the claimant is required to travel to seek, apply for, or accept work within the United States or in a foreign country where the claimant has authorization to work and where there is a reciprocal agreement. The trip itself must be for the purpose of obtaining work. There is a rebuttable presumption that the claimant is not available for work when the trip is extended to accommodate the claimant's personal needs or interests, and the extension is for more than one-half of the workweek.*

(B) *Unemployment benefits cannot be paid to a claimant located in a foreign country unless the claimant has authorization to work there and there*

> *is a reciprocal agreement concerning the payment of*
> *unemployment benefits with that foreign country.*
> An exception to this general rule is that a
> claimant who travels to a foreign country for
> the express purpose of applying for
> employment and is out of the United States for
> two consecutive weeks or less is eligible for
> those weeks provided the claimant can prove
> he or she has a legal right to work in that
> country. A claimant who is out of the United
> States for more than two weeks is not eligible
> for benefits for any of the weeks.

Utah Admin. Code Ann. R994-403-112c(2) (LexisNexis Supp. 2011) (emphases added).[5]
As noted above, the Board read the rule to bar benefits to Claimant. In particular,
subsection (2)(a)(i)(B) may be read to forbid benefits to a claimant located in a foreign
country for more than two weeks unless the claimant is authorized to work
there—which Claimant was not—and the foreign country is party to a reciprocal
agreement—which Mexico was not. Accordingly, the Board denied benefits.

¶11    Claimant contends that the Board misinterpreted the rule. He argues that the
Board went astray by reading subsection (2)(a)(i)(B) in isolation rather than in context.
Read as a whole, he asserts, the rule is principally about availability, and foreign travel
is relevant only insofar as it affects availability.

¶12    "We review administrative rules in the same manner as statutes . . . ." *Utah
Chapter of Sierra Club v. Air Quality Bd.*, 2009 UT 76, ¶ 13, 226 P.3d 719. Therefore, we
interpret the rule as a whole, giving effect to each word, and harmonizing the various

---

[5]After the Board issued its decision in this case, the agency twice promulgated a
revised rule, removing the reference to foreign travel for two weeks or less, *see* Utah
Admin. Code Ann. R994-403-112c(2)(a)(i)(B) (LexisNexis Supp. 2012), and adding a
subsection to address reporting requirements for travel outside the United States, *see id.*
R994-403-112c(2)(i)(C) (LexisNexis 2012). Unless otherwise noted, throughout this
opinion we cite the 2011 version of the Utah Administrative Code, which reflects the
version in effect at the time Claimant filed for benefits.

parts wherever possible. *See Warne v. Warne*, 2012 UT 13, ¶ 36, 275 P.3d 238 (addressing rules of statutory interpretation). *See also Berumen v. Department of Human Servs., Wheat Ridge Reg'l Cntr.*, 2012 COA 73, ¶ 19, — P.3d — (Colo. App.) ("We also read and consider the regulatory scheme as a whole to give consistent, harmonious, and sensible effect to all of its parts."); *Barnett v. Ludwig & Co.*, 2011 IL App (2d) 101053, ¶ 37, 960 N.E.2d 722 ("We must read an administrative regulation as a whole, giving effect to every word, clause, and sentence and not rendering any part of it superfluous or meaningless."); *Texas Mut. Ins. Co. v. Vista Community Med. Cntr., LLP*, 275 S.W.3d 538, 549 (Tex. App. 2008) (stating that courts "must read the rule as a whole, giving meaning and purpose to every part"); *Cannon v. Department of Licensing*, 50 P.3d 627, 636 (Wash. 2002) ("Administrative rules and regulations are interpreted as a whole, giving effect to all the language and harmonizing all provisions.").

¶13    As Claimant reads rule R994-403-112c(2), availability is decisive. Travel is merely one factor that may affect availability. While travel for more than half of the normal workweek creates a presumption of unavailability, "the presumption of unavailability may be overcome" by a claimant who "has made arrangements to be contacted and can return quickly enough to respond to any opportunity for work." Utah Admin. Code Ann. R994-403-112c(2)(a). But such arrangements are not, under the rule, the only method for a foreign traveler to overcome the presumption of unavailability.

¶14    Reading on, the rule states that "[t]he conclusion of unavailability can *also* be overcome in the following circumstances" and describes, in effect, travel to Canada to seek work, and elsewhere to seek work for a period of less than two weeks. *See id.* R994-403-112c(2)(a), (2)(a)(i)(A), (2)(a)(i)(B) (emphasis added). This is the provision on which the Board relies to deny benefits. However, Claimant argues that the prefatory phrase suggests that this method of rebutting the presumption of unavailability is an additional possible method, not the only method. Indeed, reading this provision as describing the only method for a foreign traveler to rebut the presumption of unavailability would have the effect of nullifying the rule's earlier statement that the presumption of unavailability may be rebutted by a claimant who "has made arrangements to be contacted and can return quickly enough to respond to any opportunity for work." *See id.* R994-403-112c(2)(a).

¶15    Claimant did make "arrangements to be contacted and [could] return quickly enough to respond to any opportunity for work," *see id.* Indeed, the ALJ found that Claimant could easily have been contacted by his employer and "would have been

willing to fly back to Utah or drive, and could have returned within 24 hours." Thus, under this reading of the rule, Claimant rebutted the presumption of unavailability.

¶16    As the Board reads it, rule R994-403-112c(2) treats domestic travel and foreign travel differently. Under this interpretation, the sentence reading, "When a claimant is away from his or her residence but has made arrangements to be contacted and can return quickly enough to respond to any opportunity for work, the presumption of unavailability may be overcome," *id.* R994-403-112c(2)(a), refers only to domestic travel. A claimant "away from his or her residence" may be in the state of Utah or in the United States.

¶17    But, the Board argues, when a claimant is not only "away from his or her residence," *id.*, but "in a foreign country," *id.* R994-403-112c(2)(a)(i)(B), the provisions of rule R994-403-112c(2)(a)(i) are triggered. To begin with, although the rule does not name Canada, a claimant traveling in any other foreign country is ineligible for benefits unless the claimant is traveling to seek work, is legally able to work in that country, and stays no longer than two weeks. If the foreign country is Canada, and the claimant is required to be there to obtain work and is authorized to work, the presumption of unavailability is rebutted. *See id.* R994-403-112c(2)(a)(i)(A), (2)(a)(i)(B).[6]

¶18    Both Claimant's reading of the rule and the Board's reading of the rule are plausible when read in isolation. However, we conclude that Claimant's reading is more consistent with the statute the rule implements.

¶19    "It is a long-standing principle of administrative law that an agency's rules must be consistent with its governing statutes." *Sanders Brine Shrimp v. Audit Div. of the Utah State Tax Comm'n*, 846 P.2d 1304, 1306 (Utah 1993) (citing *Merrill Bean Chevrolet, Inc. v. State Tax Comm'n*, 549 P.2d 443, 445 (Utah 1976); *Robert H. Hinckley, Inc. v. State Tax Comm'n*, 404 P.2d 662, 668 (Utah 1965)). "Rules are subordinate to statutes and cannot confer greater rights or disabilities." *Rocky Mountain Energy v. State Tax Comm'n*, 852

---

[6]The parties have pointed us to only one Utah case involving a claimant filing for benefits while out of the country. That unpublished per curiam decision turned on the determination of fraud rather than the finding of unavailability; therefore, it contains no discussion of the rules relevant to this case. *See Higgs v. Department of Workforce Servs.*, 2010 UT App 318U (per curiam).

P.2d 284, 287 (Utah 1993). On the contrary, any regulations promulgated by an agency that interpret or implement statutes "must be in harmony with the language of these statutes." *Airport Hilton Ventures, Ltd. v. Utah State Tax Comm'n*, 1999 UT 26, ¶ 6, 976 P.2d 1197 (per Zimmerman, J., with one judge concurring and one justice concurring in result) (citing *SF Phosphates Ltd. v. Auditing Div., Utah State Tax Comm'n*, 972 P.2d 384, 386 (Utah 1998)); *see also id.* ¶ 20 (Howe, C.J., dissenting, with one justice joining) (agreeing that "a rule may not expand or narrow the exemptions in the statute"). Consequently, "the rule must be construed in a manner consistent with the statute." *SF Phosphates*, 972 P.2d at 386; *see also LPI Servs. v. McGee*, 2009 UT 41, ¶ 25, 215 P.3d 135 ("'An administrative agency's authority to promulgate regulations is limited to those regulations which are consonant with the statutory framework, and neither contrary to the statute nor beyond its scope.'" (quoting *Draughon v. Department of Fin. Institutions, State of Utah*, 1999 UT App 42, ¶ 5, 975 P.2d 935)).

¶20     Rule R994-403-112c implements Utah Code section 35A-4-403. That statute governs eligibility to receive unemployment benefits. Relevant here, a claimant is eligible to receive benefits for any week if the division finds "the individual is able to work and is available for work during each and every week for which the individual made a claim for benefits under this chapter." Utah Code Ann. § 35A-4-403(1)(c) (LexisNexis Supp. 2012). Neither domestic nor foreign travel is mentioned. Section 35A-4-405 governs *ineligibility* to receive unemployment benefits. *See id.* § 35A-4-405. Again, neither domestic nor foreign travel is mentioned. Rule R994-403-112c(2)(a) is "subordinate to [these] statutes and cannot confer greater rights or disabilities." *See Rocky Mountain Energy*, 852 P.2d at 287. Rather, it "must be construed in a manner consistent with" them. *SF Phosphates*, 972 P.2d at 386.

¶21     The Board's interpretation of the rule is not consistent with section 35A-4-403(1)(c). As interpreted by the Board, the rule creates a non-statutory category of ineligible claimants, essentially all those traveling outside the United States and Canada for more than two weeks. It does so by adopting an irrebuttable presumption that an individual in this category would be ineligible for unemployment benefits even if that individual is "able to work and is available for work during each and every week for which the individual made a claim for benefits under this chapter." *See* Utah Code Ann. § 35A-4-403(1)(c). Nothing in the plain meaning of the word "available" supports the Board's interpretation. If a claimant in San Diego and a claimant in Tijuana are equally able to return quickly enough to respond to any opportunity for work, *see* Utah Admin. Code Ann. R994-403-112c(2)(a), neither is more available than the other. And a claimant

in Cancun may be *much* more readily available, as a practical matter, than one in the High Uintas Wilderness area. *Cf. Christensen v. Board of Review of Indus. Comm'n*, 579 P.2d 335, 336 (Utah 1978) (upholding a finding of unavailability due to a four-day elk hunting excursion and related hospital stay).

¶22     As interpreted by the Board, then, rule R994-403-112c(2)(a) imposes a disability not mentioned in the statute, impermissibly restricting the meaning of the availability requirement, and thus is not "in harmony" with the statute. *See Airport Hilton Ventures*, 1999 UT 26, ¶ 6 (per Zimmerman, J., with one judge concurring and one justice concurring in result). Accordingly, we cannot accept the Board's reading of the rule as reasonable.

¶23     On the other hand, Claimant's equally plausible reading of the rule is consistent with the governing statute. As interpreted by Claimant, and as we hold today, the touchstone of rule R994-403-112c(2)(a), as with section 35A-4-403(1)(c), is availability. Foreign and domestic travel are relevant to the determination of availability, but are not grounds for denying eligibility to a traveler who demonstrates, as Claimant has, that he is "able to work and is available for work during each and every week for which [he] made a claim for benefits under this chapter." *See* Utah Code Ann. § 35A-4-403(1)(c). Thus, with foreign travel, the presumption of unavailability in rule R994-403-112c(2)(a) may be overcome not only by showing that the claimant was seeking work in a foreign country under the conditions specified in rule R994-403-112c(2)(a)(i),[7] but also by showing that the claimant made arrangements to be contacted and could return quickly enough to respond to any opportunity for work. *See* Utah Admin. Code Ann. R994-403-112c(2)(a).

¶24     In each of Claimant's cases, the ALJ found that Claimant, notwithstanding his foreign travel, "would have been willing to fly back to Utah or drive, and could have returned within 24 hours" if his employer had requested his services earlier than their agreed-upon return date. The ALJ also found that Claimant's employer was able to reach him while in Mexico and Claimant stayed in contact to verify that his return-to-work date had not changed. In other words, Claimant had "made arrangements to be

---

[7]As mentioned above, the current version of the rule no longer contains a specific reference to job-seeking foreign travel for two weeks or less. *See* Utah Admin. Code Ann. R994-403-112c(2)(a)(i)(B) (LexisNexis Supp. 2012).

contacted and [could] return quickly enough to respond to any opportunity for work." *See* Utah Admin. Code Ann. R994-403-112c(2)(a). He was therefore available. The statute and the rule, reasonably and rationally construed, require no more. Accordingly, the Board erred in denying unemployment benefits to Claimant.

### 2. Claimant Did Not Knowingly Claim Benefits to Which He Was Not Entitled.

¶25    The Board also imposed an overpayment assessment and civil fraud penalty on Claimant on the ground that he knowingly claimed benefits "to which the claimant is not entitled." *See id.* R994-406-401(1)(a)(i). Because we conclude that Claimant was entitled to the benefits he claimed, the overpayment and civil penalty cannot stand.


CONCLUSION

¶26    Although vacationing in Mexico, Claimant was able and available for work. He thus rebutted the presumption of ineligibility under rule R994-403-112c(2)(a) as properly construed in light of its governing statute. We therefore set aside the decision of the Board denying unemployment benefits and imposing an overpayment and civil penalty for fraud.


_____
J. Frederic Voros Jr., Judge


-----


¶27    WE CONCUR:


_____
Gregory K. Orme, Judge


_____
Carolyn B. McHugh, Judge