**2013 UT App 74**

# THE UTAH COURT OF APPEALS

HELENA LEVIER,

*Petitioner,*

*v.*

DEPARTMENT OF WORKFORCE SERVICES,
WORKFORCE APPEALS BOARD,

*Respondent.*

Memorandum Decision
No. 20110816-CA
Filed March 21, 2013

Original Proceeding in this Court

Michael E. Bulson, Attorney for Petitioner
Jaceson R. Maughan, Attorney for Respondent

JUDGE J. FREDERIC VOROS JR. authored this Memorandum
Decision, in which JUDGE CAROLYN B. MCHUGH concurred.
JUDGE GREGORY K. ORME dissented, with opinion.

VOROS, Judge:

¶1      Petitioner Helena Levier seeks judicial review of orders of
the Workforce Appeals Board concluding that she was ineligible to
receive unemployment benefits while out of the country and
imposing an overpayment and civil penalty for fraud. We set aside
the Board's orders and direct it to reconsider the orders in light of
*Dorsey v. Department of Workforce Services, Workforce Appeals Board*,
2012 UT App 364, 294 P.3d 580.

¶2      While Levier's appeal was pending, we issued our decision
in *Dorsey*. *Dorsey*'s holding applies to Levier's pending appeal. *See*

*Merrill v. Utah Labor Comm'n*, 2009 UT 74, ¶ 5, 223 P.3d 1099 (discussing general rules of retroactivity); *Kendell v. Department of Workforce Servs., Workforce Appeals Bd.*, 2013 UT App 73, ¶ 15 (applying *Dorsey* to a case pending on appeal when *Dorsey* was issued); *cf. Betz v. Trainer Wortham & Co.*, 610 F.3d 1169, 1170–71 (9th Cir. 2010) (vacating lower court's decision and remanding for reconsideration in light of an intervening Supreme Court decision).

¶3      In *Dorsey*, we held that the Board's interpretation of its rules controlling availability was inconsistent with the governing statute. *See* 2012 UT App 364, ¶ 21. We concluded that a claimant who is presumed unavailable under Utah Administrative Code R994-403-112c(2)(a) due to foreign travel could overcome that presumption "by showing that the claimant made arrangements to be contacted and could return quickly enough to respond to any opportunity for work." 2012 UT App 364, ¶ 23; *see also* Utah Admin. Code Ann. R994-403-112c(2)(a) (LexisNexis Supp. 2011).

¶4      Today we issue an opinion in *Kendell v. Department of Workforce Services, Workforce Appeals Board*, 2013 UT App 73, a similar case that was also pending on appeal when *Dorsey* was issued. *Kendell* involved a claimant who had filed for Utah unemployment benefits while traveling in Europe. *See id.* ¶¶ 2, 5. Kendell claimed that he was reachable by cell phone and email and could return to Utah within twenty-four hours to begin work if necessary. *See id.* ¶ 8. The administrative law judge found that Kendell's foreign travel "'limited his availability to return to work'" due to the cost and time required to travel back to Utah, but the Board stated that Kendell "'could have returned immediately.'" *Id.* ¶¶ 9–10. We noted that the Board appeared to be "making an assumption for the purposes of argument, rather than making a factual determination regarding Kendell's ultimate availability." *Id.* ¶ 16. Because the Board made its decision based on an incorrect interpretation of the rule and "never addressed the issue of whether Kendell could have returned from Europe quickly enough to respond to any opportunity for work and thereby overcome the presumption of unavailability created by his absence from the

United States," we set aside the Board's decision and directed it to reconsider the case in light of *Dorsey*. *Id.* ¶¶ 15, 17.

¶5      The facts of the present case are similar to *Dorsey* and *Kendell*. Levier traveled to Brazil to sign a power of attorney to aid in the settlement of her parents' estate. She was in Brazil for two weeks and filed for Utah unemployment benefits while there. Levier testified that although she was required to be in Brazil to sign the power of attorney, she could have returned within thirty-six hours if necessary. She presented evidence that she had a standby airline pass because her son is a pilot. Levier also testified that she continued applying for jobs in Utah while she was in Brazil, and she provided exhibits demonstrating that potential employers had her email address.

¶6      The Board concluded that Levier's foreign travel rendered her ineligible regardless of whether she could have returned immediately to accept work. In addition, the Board stated that "it is not clear that [Levier] could have easily extricated herself from the matters she was dealing with in Brazil in order to immediately return to the United States for a job" because "the personal business that required her to travel to Brazil took two weeks to complete." As the Board explained its reasoning, "If [Levier] was consumed by her obligations in Brazil for two weeks she was clearly not available for full-time work in the United States. Likewise, if she extended her stay for personal reasons, she cannot be considered available for full-time work in the United States."

¶7      These findings are colored by an incorrect interpretation of the rules governing availability. As a result, the Board did not determine clearly whether Levier was in fact available. As in *Kendell*, the Board appears to have been "making an assumption for the purposes of argument, rather than making a factual determination regarding [Levier's] ultimate availability." *See Kendell*, 2013 UT App 73, ¶ 16. The Board assumed that Levier was required to be in Brazil for two weeks because she was in Brazil for two weeks, when the evidence establishes only that she was

required to be in Brazil to sign a power of attorney. The Board also assumed, in the alternative, that Levier extended her trip for personal reasons, but this would only disqualify Levier under a pre-*Dorsey* reading of the rule.

¶8      Because the Board's rulings were made in the context of an incorrect interpretation of the rules governing availability, we set aside the Board's orders and direct it to reconsider the orders in light of *Dorsey*.

———————

ORME, Judge (dissenting):

¶9      I would not prolong Levier's uncertainty nor inconvenience the Board by having it needlessly reconsider its decision when the proper outcome is so obvious. The evidence outlined in paragraph 5 of the lead decision stands uncontroverted. Thus, not only are the Board's findings "colored by an incorrect interpretation of the rules governing availability," *see supra* ¶ 7, its "findings" are really just flawed assumptions that are contrary to the evidence.

¶10     To be sure, Levier was physically farther away than was the petitioner in *Dorsey v. Department of Workforce Services*, 2012 UT App 364, 294 P.3d 580. But as the mother of an airline pilot in possession of a standby airline pass, she was, as a practical matter, every bit as available to return promptly to employment in Utah if such an opportunity materialized as was the petitioner in Dorsey, who was encamped along a beach in Mexico to which he had driven by motor vehicle.

¶11     The Department did not establish, under the correct legal standard explained in *Dorsey*, that Levier was ineligible to receive unemployment benefits because of her brief visit to Brazil on important family business, much less that she had perpetrated a fraud on the Department. In my view, we should simply vacate the Board's order and leave it at that.