Memorandum Decision
VOROS, Judge:
{ 1 Petitioner Helena Levier seeks judicial review of orders of the Workforce Appeals Board concluding that she was ineligible to receive unemployment benefits while out of the country and imposing an overpayment and civil penalty for fraud. We set aside the Board's orders and direct it to reconsider the orders in light of Dorsey v. Department of Workforce Services, Workforce Appeals Board, 2012 UT App 364, 294 P.3d 580.
1 2 While Levier's appeal was pending, we issued our decision in Dorsey. Dorsey's holding applies to Levier's pending appeal. See Merrill v. Utah Labor Comm'n, 2009 UT 74, ¶ 5, 223 P.3d 1099 (discussing general rules of retroactivity); Kendell v. Department of Workforce Servs., Workforce Appeals Bd., 2013 UT App 73, ¶ 15 (applying Dorsey to a case pending on appeal when Dorsey was issued); cf. Betz v. Trainer Wortham & Co., 610 F.3d 1169, 1170-71 (9th Cir.2010) (vacating lower court's decision and remanding for reconsideration in light of an intervening Supreme Court decision).
T3 In Dorsey, we held that the Board's interpretation of its rules controlling availability was inconsistent with the governing statute. See 2012 UT App 364, ¶ 21, 294 P.3d 580. We concluded that a claimant who is presumed unavailable under Utah Administrative Code R994-408-112c(2)(a) due to foreign travel could overcome that presumption "by showing that the claimant made arrangements to be contacted and could return quickly enough to respond to any opportunity for work." 2012 UT App 364, ¶ 23, 294 P.3d 580; see also Utah Admin. Code Ann. R994-403-112e(2)(a) (LexisNexis Supp.2011).
1 4 Today we issue an opinion in Kendell v. Department of Workforce Services, Workforce Appeals Board, 2013 UT App 73, a similar case that was also pending on appeal when Dorsey was issued. Kendell involved a claimant who had filed for Utah unemployment benefits while traveling in Europe. See id. 112, 5. Kendell claimed that he was reachable by cell phone and email and could return to Utah within twenty-four hours to begin work if necessary. See id. 18. The administrative law judge found that Kendell's foreign travel " 'limited his availability to return to work'" due to the cost and time required to travel back to Utah, but the Board stated that Kendell "'could have returned immediately'" Id. 19-10. We noted that the Board appeared to be "making an assumption for the purposes of argument, rather than making a factual determination *2 regarding Kendell's ultimate availability." Id. 116. Because the Board made its decision based on an incorrect interpretation of the rule and "never addressed the issue of whether Kendell could have returned from Europe quickly enough to respond to any opportunity for work and thereby overcome the presumption of unavailability created by his absence from the United States," we set aside the Board's decision and directed it to reconsider the case in light of Dorsey. Id. 11 15, 17.
[5 The facts of the present case are similar to Dorsey and Kendell. Levier traveled to Brazil to sign a power of attorney to aid in the settlement of her parents' estate. She was in Brazil for two weeks and filed for Utah unemployment benefits while there. Levier testified that although she was required to be in Brazil to sign the power of attorney, she could have returned within thirty-six hours if necessary. She presented evidence that she had a standby airline pass because her son is a pilot. Levier also testified that she continued applying for jobs in Utah while she was in Brazil, and she provided exhibits demonstrating that potential employers had her email address.
T6 The Board concluded that Levier's foreign travel rendered her ineligible regardless of whether she could have returned immediately to accept work. In addition, the Board stated that "it is not clear that [Levier] could have easily extricated herself from the matters she was dealing with in Brazil in order to immediately return to the United States for a job" because "the personal business that required her to travel to Brazil took two weeks to complete." As the Board explained its reasoning, "If [Levier] was consumed by her obligations in Brazil for two weeks she was clearly not available for full-time work in the United States. Likewise, if she extended her stay for personal reasons, she cannot be considered available for full-time work in the United States."
T7 These findings are colored by an incorrect interpretation of the rules governing availability. As a result, the Board did not determine clearly whether Levier was in fact available. As in Kendell, the Board appears to have been "making an assumption for the purposes of argument, rather than making a factual determination regarding [Levier's] ultimate availability." See Kendell, 2013 UT App 73, ¶ 16, 299 P.3d 639. The Board assumed that Levier was required to be in Brazil for two weeks because she was in Brazil for two weeks, when the evidence establishes only that she was required to be in Brazil to sign a power of attorney. The Board also assumed, in the alternative, that Levier extended her trip for personal reasons, but this would only disqualify Levier under a pre-Dorsey reading of the rule.
1 8 Because the Board's rulings were made in the context of an incorrect interpretation of the rules governing availability, we set aside the Board's orders and direct it to reconsider the orders in light of Dorsey.
Judge J. FREDERIC VOROS JR., authored this Memorandum Decision in which Judge CAROLYN B. MCHUGH concurred.
Judge GREGORY K. ORME dissented, with opinion.