ORME, Judge
(dissenting):
T 9 I would not prolong Levier's uncertainty nor inconvenience the Board by having it needlessly reconsider its decision when the proper outcome is so obvious. The evidence outlined in paragraph 5 of the lead decision stands uncontroverted. Thus, not only are the Board's findings "colored by an incorrect interpretation of the rules governing availability," see supra 1 7, its "findings" are really just flawed assumptions that are contrary to the evidence.
T10 To be sure, Levier was physically farther away than was the petitioner in Dorsey v. Department of Workforce Services, 2012 UT App 364, 294 P.3d 580. But as the mother of an airline pilot in possession of a standby airline pass, she was, as a practical matter, every bit as available to return promptly to employment in Utah if such an opportunity materialized as was the petitioner in Dorsey, who was encamped along a beach in Mexico to which he had driven by motor vehicle.
*3 T11 The Department did not establish, under the correct legal standard explained in Dorsey, that Levier was ineligible to receive unemployment benefits because of her brief visit to Brazil on important family business, much less that she had perpetrated a fraud on the Department. In my view, we should simply vacate the Board's order and leave it at that.