2021 UT 27

IN THE

# SUPREME COURT OF THE STATE OF UTAH

DAVID ALLEN ARNOLD
*Respondent,*

*v.*

DEPARTMENT OF WORKFORCE SERVICES
*Petitioners.*

No. 20191014
Heard April 8, 2021
Filed July 9, 2021

On Certiorari to the Utah Court of Appeals

Department of Workforce Services, Salt Lake City
The Honorable Ryan Rock
No. 19-A-02986-R

Attorneys:

David Allen Arnold, Roosevelt, pro se

Amanda B. McPeck, Salt Lake City, for petitioners

CHIEF JUSTICE DURRANT authored the opinion of the Court in which
ASSOCIATE CHIEF JUSTICE LEE, JUSTICE HIMONAS, JUSTICE PEARCE,
and JUSTICE PETERSEN joined.

CHIEF JUSTICE DURRANT, opinion of the Court:

**Introduction**

¶1 After David Arnold was temporarily laid off from his job, the Department of Workforce Services (the Department) denied him unemployment benefits because he indicated on his application that he was not available to accept full-time work. Because Mr. Arnold would be returning to his former employer, the Department deferred the requirement that he actively seek employment while receiving benefits but still required him to be able and available to accept full-time work under Utah Code section 35A-4-403. Mr. Arnold appealed the denial of his benefits, arguing that the deferral from actively seeking work should also grant him a deferral from being available to accept full-time work. After the administrative law judge (ALJ)

and the workforce appeals board both denied his appeal, the court of appeals reversed on summary disposition. It held that interpreting section 35A-4-403 to require a claimant who had obtained a work-search deferral to nevertheless be able and available to accept full-time employment worked an absurd result. But because this requirement ensures a claimant will return to work as soon as work becomes available and comports with the purpose of the statute, we disagree and reverse the court of appeals.

**Background**

¶2 After Mr. Arnold's wife, who is blind, experienced complications following a major surgery, Mr. Arnold and his employer agreed that he would be laid off temporarily so that he could take care of her and because work was slow. When Mr. Arnold filled out the application form for unemployment insurance benefits, he had to mark whether he was "able, ready, and willing to accept full-time work." Mr. Arnold answered, "No." Under the comment section at the bottom, Mr. Arnold stated, "[M]y wife is 100 percent blind and is having complications from her hysterectomy surgery. [I] have been caring for her." Another note on the application stated that "[client] said he is taking care of his wife. He hopes to be [available] in a couple of weeks but [is] unsure when."

¶3 Because Mr. Arnold would be returning to his former employer, he obtained a deferral from the requirement that he actively seek fulltime employment while receiving benefits. But because the Department requires a claimant who obtains a work-search deferral to nevertheless comply with the other requirements, and because Mr. Arnold was not available to accept full-time work, the Department denied his claim for unemployment benefits.

¶4 Mr. Arnold appealed the denial of his claim. The ALJ affirmed after Mr. Arnold testified at the hearing that he was not available to work full-time while caring for his wife, estimating he would need to help her for another two weeks. The ALJ denied benefits because Mr. Arnold failed to meet the criteria that he be available to accept full-time employment. Mr. Arnold appealed the decision to the workforce appeals board, and the board affirmed the ALJ. Mr. Arnold then appealed to the court of appeals. The divided court vacated the board's decision on summary disposition, finding in a 2-1 vote that the requirement worked an absurd result. The Department filed a petition for certiorari, which we granted. We have jurisdiction to hear this case pursuant to Utah Code section 78A-3-102(3)(j).

## Standard of Review

¶5 The appropriate standard of review "depends on the type of agency action alleged to be erroneous."[1] Here, the court of appeals found that the plain language of the statute produced an absurd result. This presents a question of statutory interpretation. We review for correctness the interpretation of a statue, granting no deference to the court of appeals.[2] And on pure questions of law, "we have retained for the courts the de novo prerogative of interpreting the law, unencumbered by any standard of agency deference."[3]

## Analysis

¶6 The court of appeals vacated on summary disposition the board's decision to deny Mr. Arnold unemployment benefits, holding it produced an absurd result to interpret Utah Code section 35A-4-403 as requiring a claimant who had obtained a work-search deferral to nevertheless be able and available for full-time work.[4] The Department contends that this requirement does not work an absurd result because it ensures that the claimant will go back to work if called upon to return earlier than anticipated. We agree with the Department.

¶7 Section 35A-4-403 provides that a claimant "is eligible to receive benefits for any week if the division finds" the claimant meets certain requirements. The two requirements at issue here are that the claimant is "able to work and is available for work during each and every week for which the individual made a claim for benefits"[5] and has "acted in a good faith effort to secure employment during each and every week . . ., except as provided in Subsection

---

[1] *Murray v. Utah Lab. Comm'n*, 2013 UT 38, ¶ 23, 308 P.3d 461.

[2] *Nichols v. Jacobsen Constr. Co.*, 2016 UT 19, ¶ 13, 374 P.3d 3.

[3] *Hughes Gen. Contractors, Inc. v. Utah Lab. Comm'n*, 2014 UT 3, ¶ 25, 322 P.3d 712.

[4] It is not clear to us why, in a case where the court of appeals reverses and applies the absurdity doctrine, it would do so in a summary fashion. While the Department did not brief this issue, we find it unusual and question whether such a ruling is appropriate for summary disposition.

[5] UTAH CODE § 35A-4-403(1)(c).

(4)."[6] Subsection (4) provides that the Department "may, by rule, waive or alter" the work-search requirement when the claimant is "attached to regular jobs."[7] In other words, the statute requires that the claimant actively seek for employment unless granted a work-search waiver and also requires the claimant to be able and available to accept full-time work. The statute does not authorize the Department to waive the able-and-available requirement.

¶8 Although it is a "well-settled principle of statutory construction that this court looks 'first to the plain language of the statute' when interpreting meaning,"[8] in this case, the court of appeals found that the plain language of the statute produced an "absurd result" because any applicant granted a work-search deferral will not be employed during the deferral period regardless of availability. We recognize that in many cases the claimant will remain unemployed regardless of availability status when granted a work-search deferral. But we disagree that this plain language produces an absurd result. Rather it ensures the claimant is available to return to work if called upon at an earlier date and it is consistent with the purpose of the statute to not "subsidize activities which interfere with immediate reemployment."[9]

### I. We Reverse the Court of Appeals and Hold That Mr. Arnold Was Properly Denied Unemployment Benefits Because He Was Not Available to Accept Full-Time Employment

¶9 The court of appeals rejected the Department's interpretation of Utah Code section 35A-4-403. On summary disposition, the divided court held in a 2-1 vote that if a claimant is granted a work-search deferral, refusing to waive the able and available to work requirement "worked an absurd result" on the interpretation of the statute because Mr. Arnold was excused from working in either event. The Department counters that the statute's requirement of availability even when having obtained a work-search exemption ensures the claimant can return to work as soon as such work becomes available and also comports with the purpose of

---

[6] *Id.* § 35A-4-403(1)(b).

[7] *Id.* § 35A-4-403(4).

[8] *Savage v. Utah Youth Vill.*, 2004 UT 102, ¶ 18, 104 P.3d 1242 (quoting *Stephens v. Bonneville Travel, Inc.*, 935 P.2d 518, 520 (Utah 1997).

[9] *See* UTAH ADMIN. CODE r.994-403-112c(2).

the statue to provide benefits only to those who, but for lack of work, would be employed full-time. We agree with the Department and reverse the decision of the court of appeals.

## A. The Department's Interpretation Does Not Produce an Absurd Result

¶10    The court of appeals held that it worked an absurd result to interpret section 35A-4-403 as requiring a claimant who has obtained a work-search deferral to nonetheless be able and available to work. The Court concluded that regardless of availability, the claimant would nonetheless be unemployed during the deferral time because "nobody gets offered a job when they aren't applying for jobs."[10] Noting that the availability to work "in a theoretical sense" during the deferral period "is neither here nor there," the court reasoned that "allowing someone to forgo looking for a job is tantamount to excusing them from working."[11] The Department counters that the rules properly interpret the eligibility requirements of the statute, ensuring that the claimant can return to work with their employer as soon as such work is available. We agree with the Department.

¶11    Although it is a "well-settled principle of statutory construction" that a court looks "'first to the plain language of the statute' when interpreting meaning," the absurdity doctrine dictates that a court "should not follow the literal language of a statute if its plain meaning works an absurd result."[12] This doctrine "reform[s] unambiguous statutory language"[13] to "preserve[] legislative intent by construing the statute in a way that ensures that the statutory text does not operate in an unintended, absurd manner."[14] This is a "narrow, exacting standard" that is "satisfied only if the legislature could not reasonably have intended the result."[15]

---

[10] *Arnold v. Workforce Services*, No. 20190551-CA, slip op. at 4 (Utah Ct. App. Nov. 8, 2019).

[11] *Id.*

[12] *Savage*, 2004 UT 102, ¶ 18 (citations omitted).

[13] *Bagley v. Bagley*, 2016 UT 48, ¶ 27, 387 P.3d 1000 (alteration in original) (citation omitted).

[14] *Garfield Cnty v. United States*, 2017 UT 41 ¶ 23, 424 P.3d 46.

[15] *Bagley*, 2016 UT 48, ¶ 28; *see also Marion Energy, Inc. v. KFJ Ranch P'ship*, 2011 UT 50, ¶ 26, 267 P.3d 863 (citation omitted) (stating that

(continued . . .)

¶12   For example, in *Bagley v. Bagley* we examined whether the plain language of the wrongful death and survival action statutes produced an absurd result.[16] A widow, the heir and personal representative of her late husband's estate, brought a wrongful death claim against herself as the driver who had allegedly caused the fatal car accident. We concluded that the plain statutory language "permit[ted] a person acting as an heir or personal representative to sue him or herself as an individual for damages."[17] The defendant argued that allowing suit against oneself produced an absurd result.[18] But we recognized that the legislature could have reasonably intended this result because the suit could benefit other heirs and creditors of the estate. Because of such benefits, we concluded that the legislature could have rationally intended suit against oneself.[19]

¶13   But in *State ex rel. Z.C.*, we found that the plain language of a child sex abuse statute produced an absurd result when applied to two minors who had been engaged in a consensual sexual relationship.[20] The statute defined a perpetrator of child sex abuse as a "person" and a "child" as a "person under the age of [fourteen]."[21] Under this language, and because each minor was under the age of fourteen, the State classified each one as a victim and also charged each one as a perpetrator.[22] We acknowledged that under the statute's plain language a "child" is a "person." But we also recognized that although "the plain language interpretation of a statute enjoys a robust presumption in its favor, it is also true that [a legislative body] cannot, in every instance, be counted on to have said what it meant or to have meant what it said."[23] And we held

---

the "result must be so absurd that the legislative body which authored the legislation could not have intended it").

[16] *Bagley*, 2016 UT 48, ¶¶ 23–32.

[17] *Id.* ¶ 23.

[18] *Id.* ¶ 25.

[19] *Id.* ¶¶ 30–31.

[20] *State ex rel. Z.C.*, 2007 UT 54, ¶ 5, 165 P.3d 1206.

[21] *Id.* ¶ 7 (citation omitted).

[22] *Id.* ¶ 1.

[23] *Id.* ¶ 11 (alteration in original) (quoting *FBI v. Abramson*, 456 U.S. 615, 638 (1982) (O'Connor, J., dissenting)).

that the language allowing the State to charge a child "as both a victim and a perpetrator of child sex abuse for the same act leads to an absurd result that was not intended by the legislature."[24]

¶14   As illustrated by our holdings in *Bagley* and *Z.C.*, if we find a rational explanation for the plain language of a statute, the absurdity doctrine will not apply and we will follow the plain language. In our present case, the plain language of the statute allows waiver of the work-search requirement but not of the able-and-available requirement. And we conclude there is a rational explanation for allowing the waiver of the first requirement without allowing waiver of the second. As the Department points out, requiring a claimant to be able and available for work even if granted a work-search deferral helps ensure the claimant will return to work as soon as called upon. When viewed in this light, retaining the able-and-available requirement under these circumstances is reasonable. It may well be that an employer, suffering from a seasonal downturn, or from a temporary closure, would develop the need for an increase in or return to production earlier than anticipated. And the employer would then call upon the laid-off workers to immediately return.

¶15   We addressed the issue of a claimant's availability during a work-search deferral in *Dorsey v. Department of Workforce Services*.[25] In *Dorsey*, the claimant was granted a work-search deferral because he would be returning to his former employer. But he was nevertheless denied unemployment benefits for violating the Department's *per se* ban on international travel during that period.[26] We noted that the claimant called his employer "on a few occasions" to see if he was needed back earlier than anticipated, and that he could have returned to the United States within twenty-four hours.[27] We concluded that the Department's ban was not compatible with the statute's availability requirement because "'a claimant in San Diego and a claimant in Tijuana' may be 'equally able to return'" for immediate work.[28] Rather, we found that the determinative question

---

[24] *Id.* ¶ 5.

[25] *Dorsey v. Dep't of Workforce Servs.*, 2014 UT 22, 330 P.3d 91.

[26] The rule prohibited international travel lasting longer than two weeks. *Id.* ¶¶ 6–9.

[27] *Id.* ¶ 4.

[28] *Id.* ¶ 17 (citing *Dorsey v. Dep't of Workforce Servs.*, 2012 UT App 364, ¶ 21, 294 P.3d 580).

for benefit eligibility was whether the claimant was able to respond "quickly enough" to accept "any opportunity for work."[29]

¶16 Although in *Dorsey* we primarily addressed the circumstances under which a claimant's travel interferes with availability, our holding recognized that even when not required to search for work, the able-and-available requirement helps ensure a claimant will immediately return to work if called upon earlier than anticipated.

¶17 Disallowing waiver of the able-and-available requirement also comports with the purpose of unemployment benefits.[30] "Unemployment compensation is designed to ease the burden of those who are generally available in the labor market but for whom no suitable gainful employment is available. It was not created to ease the burden of those who for one reason or another are not generally available"[31] or "to subsidize activities which interfere with immediate reemployment."[32]

¶18 For this reason, it follows that a presumption of unavailability is imposed on any claimant involved in an activity that takes up more than half the time, even when that individual has been granted a work-search deferral.[33] For example, if the claimant is unable to work "due to a temporary disability and the employer has agreed to allow the claimant to return to the job" when able, the claimant is not eligible for benefits.[34] So although unemployment

---

[29] *Id.* (citing *Dorsey*, 2012 UT App 364, ¶ 21).

[30] Although the purpose of a statute cannot serve to contravene the statute's plain language, *see id.* ¶ 21, it may serve to support the statute's plain language.

[31] *York v. Morgan*, 517 P.2d 301, 302 (1973). *See also* U.S. Dep't of Labor, Employment and Training Admin., Advisory System Unemployment Insurance Program Letter No. 10-20, § 4(b) (March 12, 2020) https://wdr.doleta.gov/directives/attach/UIPL/UIPL_10-20.pdf (explaining that the able and available requirements "test[] whether the fact that an individual did not work for any week was involuntary due to the unavailability of suitable work").

[32] UTAH ADMIN. CODE r.994-403-112c(2).

[33] UTAH ADMIN. CODE r.994-403-112c(2)(a); *see also* UTAH CODE § 35A-4-403(4).

[34] UTAH ADMIN. CODE r.994-403-111c(3)(a).

may be due to circumstances "beyond the control of the claimant,"[35] a claimant does not qualify for unemployment benefits unless able and available to accept immediate work.[36]

¶19   We note that Utah Code section 35A-4-403 does not require the Department to grant work-search deferrals but merely permits the practice. However, this rule reflects the reality that "searching for work is likely to be futile when an employee has an offer to return to full-time work within a short period of time."[37] But the rule should not be used to "create a loophole for employees to use unemployment benefits in lieu of paid leave or to subsidize unpaid leave during periods when they are unavailable to work."[38] And if we were to permit abuse of this practice by requiring the Department to waive the current availability requirements, the agency could simply refuse to grant work-search deferrals.

¶20   Because the able-and-available requirement helps ensure that a claimant will be able to respond for immediate work if called upon to return earlier than anticipated and because the purpose of the statute is to provide benefits to those who are unemployed but who are nonetheless able and available to work, we conclude that it does not produce an absurd result to follow the plain language of the statute. We reverse the court of appeals and hold that under Utah Code section 35A-4-403 Mr. Arnold was properly denied unemployment benefits because he was not available to accept full-time work.

## Conclusion

¶21   We reverse the court of appeals and hold that following the plain language of Utah Code section 35A-4-403, in requiring a claimant who has obtained a work-search deferral to be nonetheless able and available to accept full-time employment, does not produce an absurd result. Rather, it helps ensure a claimant will return to

---

[35] UTAH ADMIN. CODE r.994-403-112c(1).

[36] *See* UTAH CODE § 35A-4-403.

[37] *Arnold v. Workforce Servs.*, No. 20190551-CA, slip op. at 6 (Utah Ct. App. Nov. 8, 2019) (Forster, J., dissenting).

[38] *Id.; see also Steinhauer v. Dep't of Workforce Servs.*, 2014 UT App 121, 327 P.3d 1238 (per curiam) (finding an employee's request for a leave of absence from his part-time job to focus on preparing for the ski season disqualified him for unemployment benefits after being laid off from his full-time job).

work when called upon and comports with the purpose of the statute. We hold that the Department properly denied Mr. Arnold's claim for unemployment during the time he was taking care of his wife because he was not available to accept full-time work.

———————