2014 UT App 121

**Yaron STEINHAUER, Petitioner,**

v.

**DEPARTMENT OF WORKFORCE SERVICES, Respondent.**

**No. 20140184–CA.**

Court of Appeals of Utah.

May 30, 2014.

Yaron Steinhauer, Petitioner Pro Se.

Suzan Pixton, Attorney for Respondent.

Before Judges STEPHEN L. ROTH, JOHN A. PEARCE, and Senior Judge RUSSELL W. BENCH.[1]

PER CURIAM:

¶1 Yaron Steinhauer seeks review of the Workforce Appeals Board's (the Board) decision denying him unemployment benefits for the period from October 20, 2013, through November 23, 2013.

¶2 In *Carbon County v. Workforce Appeals Board*, 2013 UT 41, 308 P.3d 477, the Utah Supreme Court stated the standard of review to be used in reviewing the Board's decision on a request for unemployment benefits. *See id.* ¶7. Such a determination is reviewed as a mixed question of fact and law that is more fact-like because "the case does not lend itself to consistent resolution by a uniform body of appellate precedent." *Id.* (citation and internal quotation marks omitted). Accordingly, the Board's determinations are entitled to deference because "the appellate court would be in an inferior position to review the correctness of the ... decision." *Id.* (citation and internal quotation marks omitted). "Because of the fact-intensive conclusions involved at the agency level," the Board's determination that Steinhauer was ineligible for benefits because he was not available for suitable work is entitled to deference. *See id.*

¶3 Steinhauer worked for both Park City Mountain Resort (PCMR) and Wal–Mart. He worked full-time at PCMR as a ski instructor in the winter and as a lift operator in the summer. He also worked part-time at Wal–Mart as a bicycle assembler, averaging fifteen to eighteen hours of work per week. On October 10, 2013, he was laid off by PCMR, with the expectation that he would return to work in November 2013 for the ski season. Steinhauer also made a request to Wal–Mart that he not be scheduled to work from October 21 through November 23, 2013, because he wanted to get ready for the ski season. Steinhauer's supervisor at Wal–Mart granted the request. Wal–Mart had work available during this time and Steinhauer could have worked his regular hours if he had chosen to do so.

¶4 The Department of Workforce Services denied unemployment benefits for the period from October 20 through November 16, 2013, because Steinhauer did not accept available work. Following the hearing on Steinhauer's appeal of the Department's decision, an Administrative Law Judge (ALJ) issued a decision affirming the departmental decision and extending the date for the denial to November 23, 2013. The Board affirmed that decision, and Steinhauer seeks judicial review.

¶5 In order to qualify for unemployment benefits, a claimant must be available to accept work. Although a seasonal employee who anticipates returning to his or her job may be granted a deferral of the work search requirement for benefits, which Steinhauer was granted, that deferral did not exempt him from the requirement to accept available work. *See* Utah Admin. Code R994–403–108 ("A claimant placed in a deferred status is not required to actively seek work but must meet all other availability requirements of the act...."). If Steinhauer had not chosen to request time off, he could have continued to work his regular hours at Wal–Mart during the weeks in question. Instead, he elected not to accept the available work and was therefore not available for work and not eligible to receive benefits. It is not relevant that Steinhauer had received benefits in previous years under factual situations that were not before the Board.

¶6 Steinhauer argued at the hearing before the ALJ, on appeal to the Board, and in

---

1. The Honorable Russell W. Bench, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

this court, that even if he had worked his usual hours at Wal–Mart during the weeks in question he would have earned less than his weekly benefit amount and should be eligible for a partial unemployment payment. The Board correctly concluded that Utah law does not allow any payment of benefits if a claimant fails to perform available work. *See* Utah Code Ann. § 35A–4–405 (LexisNexis Supp.2013) (stating that an individual is ineligible for benefits if he or she fails "to accept suitable work offered by an employer"). Therefore, the Board did not err in denying any benefits for the weeks in question.

¶ 7 Accordingly, we decline to disturb the Board's decision.