This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38428

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Indenture Trustee for the REGISTERED HOLDERS OF IMH ASSETS CORP., COLLATERALIZED ASSET-BACKED BONDS, SERIES 2005-1,

Plaintiff-Counterdefendant-Appellee,

v.

PATRICK L. RUIZ,

Defendant-Appellant,

and

LENNARD LUCERO, DEPARTMENT OF THE TREASURY-INTERNAL REVENUE SERVICE, and UNKNOWN HEIRS, DEVISEES, or LEGATEES OF MARTHA D. RISDAL f/k/a MARTHA D. ROMERO, Deceased,

Defendants,

and

VERA M. GONZALES a/k/a VERA MARY GONZALES a/k/a VERA MOYA GONZALES a/k/a VERA MOYA, and SYDNEY I. RUIZ,

Defendants-Counterplaintiffs.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Victor S. Lopez, District Judge

Rose L. Brand & Associates, P.C.
Eraina M. Edwards
Albuquerque, NM

for Appellee

Rachel O. Woods
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**ATTREP, Judge.**

**{1}** Patrick L. Ruiz (Defendant) appeals from the district court's order granting summary judgment against him and in favor of Plaintiff. Defendant filed a memorandum in opposition to our proposed summary affirmance, which we have duly considered. Remaining unpersuaded that Defendant has shown error on appeal, we affirm.

**{2}** In Defendant's memorandum in opposition, he continues to assert that "[w]hen a purported transfer of a note is made to a yet to be named party, or 'bearer' by way of a 'blank indorsement' and the mortgage under the operation of other New Mexico law remains with a named party, less than the entire instrument of the note and mortgage is purported to be made to the yet to be named party to the note." [MIO 6-7] From this, Defendant asserts that even if Plaintiff had possession of the note, indorsed in blank, at the time it filed suit, it nevertheless lacks standing because the blank indorsement gives Plaintiff "no rights to the entire instrument of the note and mortgage." [MIO 6] As we suggested in our notice of proposed disposition, this argument has no merit because Plaintiff is both the holder of the note *and* the named entity to whom the mortgage was assigned. [CN 6] Thus, Plaintiff established that it had the rights of enforcement and ownership, respectively, to the "entire instrument of the note and mortgage." [MIO 6] *See Deutsche Bank Nat'l Tr. Co. v. Beneficial N.M. Inc.*, 2014-NMCA-090, ¶ 8, 335 P.3d 217 (stating that in order to demonstrate standing in a foreclosure case, a lender must establish at the time of the complaint: "(1) a right to enforce the note, which represents the debt, and (2) ownership of the mortgage lien upon the debtor's property").

**{3}** Defendant additionally argues both that there is no evidence that Plaintiff was the holder of the note and that the indorsements on the note "must be viewed as anomalous unless proven otherwise." [MIO 3] As we suggested in our notice of proposed disposition, Plaintiff presented a note indorsed in blank with its initial complaint, thus entitling it to a presumption that it had standing to enforce the note as holder. [CN 3] *See Deutsche Bank Nat'l Tr. Co. v. Johnston*, 2016-NMSC-013, ¶ 25, 369 P.3d 1046 ("If [the b]ank had presented a note indorsed in blank with its initial complaint, it would be entitled to a presumption that it could enforce the note at the time of filing and thereby establish standing."); *see also id.* ¶ 27 ("Attaching the note to the complaint is not the only means of proving that the plaintiff held the note at the time of filing because

standing can also be proven through a dated indorsement establishing when the note was indorsed to the plaintiff."). To the extent Defendant argues that Plaintiff cannot enforce the note because it has not proved that the earlier indorsements on the note are not anomalous, we note that "[a]n anomalous indorsement does not affect the manner in which the instrument may be negotiated." NMSA 1978, § 55-3-205(d) (1992); *see also* § 55-3-205(b) (explaining that a blank indorsement renders an instrument negotiable "by transfer of possession alone until specially indorsed"). Moreover, Defendant's argument that "all of the indorsements must be viewed as anomalous unless proven otherwise" [MIO 3] is contrary to New Mexico's established law. *See Bank of N.Y. v. Romero*, 2014-NMSC-007, ¶ 26, 301 P.3d 1 (explaining that the plaintiff bank would have met its burden of proof if it had established that the note contained only a blank indorsement from the entity to whom the note was originally specially indorsed); *see also* Rule 1-056(E) NMRA (stating that a party opposing summary judgment "must set forth specific facts showing that there is a genuine issue for trial").

**{4}**     Defendant has not otherwise asserted any facts, law, or argument in his memorandum in opposition that persuades us that our notice of proposed disposition was erroneous. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{5}**     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{6}     IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**SHAMMARA H. HENDERSON, Judge**