**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

HEIDE BETZ,
   *Plaintiff-Appellant,*

v.

TRAINER WORTHAM & COMPANY,
INC.; DAVID P. COMO; FIRST
REPUBLIC BANK, a Nevada
corporation; ROBERT VILE,
   *Defendants-Appellees.*

No. 05-15704

D.C. No.
CV-03-03231-SI

OPINION

On Remand From The United States Supreme Court

Filed July 7, 2010

Before: John T. Noonan, Ronald M. Gould and
Johnnie B. Rawlinson, Circuit Judges:

Opinion by Judge Gould

9641

**OPINION**

GOULD, Circuit Judge:

On this appeal we previously held that there is a genuine issue of material fact whether Heide Betz's securities fraud claim against Trainer Wortham & Company, Inc., David P. Como, First Republic Bank, and Robert Vile (collectively Appellees) is time-barred under 28 U.S.C. § 1658(b). *Betz v. Trainer Wortham & Co.*, 519 F.3d 863, 871-72 (9th Cir. 2008), *vacated*, 78 U.S.L.W. 3642 (U.S. May 3, 2010) (No. 07-1489). Appellees sought review of our decision through a petition for a writ of certiorari filed in the United States Supreme Court. After deciding the related case of *Merck & Co., Inc. v. Reynolds*, 130 S. Ct. 1784 (2010), in which the Court construed the statute of limitations in 28 U.S.C. § 1658(b)(1) for the first time, the Court granted Appellee's certiorari petition, vacated our prior opinion, and remanded with instructions for us to reconsider the appeal in the light of its decision in *Merck. Trainer Wortham & Co. v. Betz*, 78 U.S.L.W. 3642 (U.S. May 3, 2010) (No. 07-1489).

Subsequently, on May 26, 2010, Appellees filed a Motion To Remand To District Court For Further Proceedings, arguing that "the new standard established in *Merck* requires analysis of the facts of this case—an analysis that the District Court is best situated to perform." Appellees additionally argue that, if granted a remand, they "anticipate making further dispositive motions" on grounds including the statute of frauds and the application of certain terms of the written contract between the parties. Appellees argue that judicial efficiency favors a remand so that these issues can be considered together with the application of the *Merck* standard to the statute of limitations issue.

Next, Appellant Betz on June 3, 2010, filed her Response Of Appellant To Appellees' Motion To Remand To District Court For Further Proceedings, arguing that before remanding

the case to the district court, we should reinstate our prior ruling that Betz raised genuine issues of material fact with respect to both actual and constructive discovery. *See Betz*, 519 F.3d at 867-73. Appellant argues that *Merck* did not create a new standard, and that "the true effect of *Merck* is to give U.S. Supreme Court approval to the Ninth Circuit's view of actual and constructive discovery." Appellant further contends that the Supreme Court in *Merck* agreed with the Ninth Circuit: that "discovery" in 28 U.S.C. § 1658(b) encompasses the facts constituting the violation actually discovered by the plaintiff as well as those facts that a reasonably diligent plaintiff would have discovered; that constructive discovery occurs when a reasonably diligent plaintiff would have actually discovered the facts constituting the violation; and that scienter is one of the facts constituting a securities violation for purposes of the discovery inquiry. *See Merck*, 130 S. Ct. at 1793-98.

**[1]** Although Appellant is correct that there are some similarities between our prior opinion and the recent *Merck* decision, we nonetheless conclude that Appellees' Motion To Remand should be granted. We believe that a remand is the better procedure here for several reasons. First, the district court has procedures available to it relating to the scope of the record and the determination of facts which are not available to us. For example, the district court could choose in its discretion to permit the parties to file supplemental affidavits on any fact issues that are relevant in light of the Supreme Court's holding in *Merck*. *See* Fed. R. Civ. P. 56(e). Similarly, the district court may entertain a motion to reopen discovery or may order discovery pursuant to Federal Rule of Civil Procedure 26(b). Further, the district court has discretion under Federal Rule of Civil Procedure 16 to require the parties to participate in pretrial conferencing to the end of submitting more detailed factual stipulations or statements about contested issues of fact as relevant under the standard set by *Merck*. In our view, the variety of tools available to the dis-

trict court for supplementing the record with any necessary facts makes a remand the better immediate procedure.

**[2]** Second, Appellees have argued that they plan to bring further "dispositive motions," and if that is the case it is within the province of the district court to elect whether to grapple with those issues before or after resolving the statute of limitations issue that has been brought to center stage by *Merck* and the Supreme Court's remand to us.

**[3]** Third, we do not see how it can ever be incorrect, once the Supreme Court has vacated a circuit court decision and remanded for further assessment in light of one of its decisions, for the court of appeals simply to vacate the district court's decision and to remand for further proceedings in the light of the pertinent Supreme Court decision. Once the district court has made its decision and a final order is presented, that matter can again be appealed to this court if either party seeks further review.

For these reasons, we vacate the district court's prior summary judgment on the statute of limitations issue and we remand to the district court for further proceedings consistent with this opinion and with *Merck*.

**VACATED AND REMANDED.**