NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND, | No. 19-15528 |
| Plaintiff-Appellee, | D.C. No. 3:12-cv-04376-EDL |
| v. | |
| UNITED STATES FOOD & DRUG ADMINISTRATION, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Elizabeth D. Laporte, Magistrate Judge, Presiding

Submitted January 13, 2020[**]
Pasadena, California

Before: GRABER, WARDLAW, and MURGUIA, Circuit Judges.

The United States Food and Drug Administration ("FDA") timely appeals

the district court's judgment partially in favor of Plaintiff Animal Legal Defense

Fund following a bench trial. The sole issue at trial was whether certain categories

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

of information were "confidential" under Exemption 4 of the Freedom of Information Act. 5 U.S.C. § 552(b)(4). At issue in this appeal is the district court's ruling, under the then-applicable definition of "confidential," that the disclosure of four categories of information—total number of hen houses, number of floors per house, number of cage rows per house, and number of cage tiers per house—is not likely to cause substantial competitive harm.[1]

After entry of judgment, the Supreme Court decided Food Marketing Institute v. Argus Leader Media, 139 S. Ct. 2356 (2019). The Court rejected our definition of "confidential" and issued its own definition. Id. at 2362–66. We agree with the parties that Argus Leader controls on appeal. United States v. Schooner Peggy, 5 U.S. (1 Cranch) 103, 110 (1801); Lambert v. Blodgett, 393 F.3d 943, 973 n.21 (9th Cir. 2004).

We vacate the judgment in relevant part and remand for further proceedings. The district court did not have the benefit of Argus Leader, and we decline to apply the new legal standard in the first instance. See, e.g., Strategic Diversity, Inc. v.

---

[1] The district court held that one category of information, total hen population, fell within Exemption 4 and, accordingly, the court granted judgment to the FDA in that respect. Plaintiff timely appealed but voluntarily dismissed the appeal. We lack appellate jurisdiction over the part of the judgment that was entered in favor of the FDA. Greenlaw v. United States, 554 U.S. 237, 244 (2008); El Paso Nat. Gas Co. v. Neztsosie, 526 U.S. 473, 479 (1999).

Alchemix Corp., 666 F.3d 1197, 1206 (9th Cir. 2012) (describing our precedent as "noting the prudence of remand in light of recent Supreme Court authority"); Horphag Research Ltd. v. Pellegrini, 337 F.3d 1036, 1041 (9th Cir. 2003) ("Because the district court did not have the opportunity to consider the facts of this case in light of the standard the Supreme Court articulated in [an intervening decision], we vacate the district court's judgment on the [relevant] claim and remand for reconsideration in light of [that decision].").

We find remand particularly appropriate here because the record is underdeveloped as to whether each egg producer customarily and actually kept each category of information at issue confidential. For example, although representatives from Feather Crest, Cal-Maine, and Mahard Farms testified that they would not let the public see the information that is subject to FDA inspection, there is insufficient evidence as to what specific steps each producer took to keep its information confidential. Moreover, it appears that some (but not necessarily all) producers voluntarily publically disclosed certain categories of information in ways that undermine confidentiality. Remand would enable the district court to choose from a "variety of tools available . . . for supplementing the record with any necessary facts." Betz v. Trainer-Wortham & Co., 610 F.3d 1169, 1171 (9th Cir. 2010).

On remand, the district court shall determine whether one or more egg producers "customarily <u>and</u> actually treated" the relevant information "as private." <u>Argus Leader</u>, 139 S. Ct. at 2366 (emphasis added).  If necessary, the court shall decide whether the term "confidential" requires a governmental "assurance of privacy" and, if so, whether the FDA provided the necessary assurance.  <u>Id.</u>

We remand on an open record.  The district court has the discretion to take further evidence, if the court determines that doing so would be helpful in answering the foregoing questions.

**VACATED in part and REMANDED for further proceedings.**  The parties shall bear their own costs on appeal.