NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 23 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

<table>
<tr><td>

CENTER FOR BIOLOGICAL DIVERSITY,

              Plaintiff-Appellee,

  v.

UNITED STATES FISH AND WILDLIFE SERVICE,

              Defendant,

 and

NATIONAL ASSOCIATION FOR BIOMEDICAL RESEARCH,

      Intervenor-Defendant-Appellant.

</td><td>

No.    18-15997

D.C. No. 4:16-cv-00527-BGM

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the District of Arizona
Bruce G. Macdonald, Magistrate Judge, Presiding

Submitted April 16, 2020[**]
San Francisco, California

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: HAWKINS and PAEZ, Circuit Judges, and RESTANI,*** Judge.

Intervenor-Defendant-Appellant National Association for Biomedical Research (NABR) appeals the district court's entry of judgment in favor of Plaintiff-Appellee Center for Biological Diversity (CBD) and against Defendant United States Fish and Wildlife Service (Service). After judgment was entered, NABR intervened to protect the confidentiality of its member-companies' information regarding the importation and exportation of wildlife. The sole issue on appeal is whether this information should be shielded from disclosure under "Exemption 4" of the Freedom of Information Act (FOIA), which protects "commercial or financial information obtained from a person and . . . confidential." 5 U.S.C. § 552(b)(4). The district court, relying on the then-applicable definition of "confidential," determined that the disclosure of this information was not likely to cause substantial competitive harm and so granted summary judgment to CBD and ordered the Service to disclose the information.[1]

While this appeal was pending, the Supreme Court decided *Food Marketing Institute v. Argus Leader Media*, 139 S. Ct. 2356 (2019), which addressed Exemption 4. The Court rejected our definition of "confidential" and adopted a

***      The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

[1] Although the district court partially granted the Service summary judgment, CBD's other claims are not at issue in this appeal.

2

new definition. *Id.* at 2362–66. Specifically, the Court held that Exemption 4 is triggered at least where the commercial information "is both [1] customarily and actually treated as private by its owner and [2] provided to the government under an assurance of privacy." *Id.* at 2366. Although it is sufficient to show both prongs, the Court declined to address whether the second prong is necessary. *Id.* at 2363.[2] We agree with the parties that *Food Marketing* alters the governing standard for evaluating whether Exemption 4 bars disclosure. *See Lambert v. Blodgett*, 393 F.3d 943, 973 n.21 (9th Cir. 2004).

We vacate the judgment as it applies to NABR and remand for further proceedings. The district court did not have the benefit of *Food Marketing* in deciding whether the disputed information is "confidential," and we decline to apply the new legal standard in the first instance. *See Clark v. Chappell*, 936 F.3d 944, 971–72 (9th Cir. 2019) (remanding where "we are without the benefit of the district court's analysis on the new standard" (internal quotation marks and citation omitted)). Similarly, because the district court assumed without deciding that the information was "commercial information," we decline to resolve that issue. *See Shirk v. U.S. ex rel. Dep't of Interior*, 773 F.3d 999, 1007 (9th Cir. 2014) ("As a

---

[2] Although *GSA v. Benson* remarked that requiring government assurance of privacy "seem[ed] correct," its holding rested on what would later become *Food Marketing*'s first prong. 415 F.2d 878, 881–82 (9th Cir. 1969). Thus, *Benson* does not resolve the open question as to *Food Marketing*'s second prong.

federal court of appeals, we must always be mindful that we are a court of review, not first view." (internal quotation marks and citation omitted)).

Remand is particularly appropriate here because the factual record may benefit from further development as to both of *Food Marketing*'s prongs. As to the first prong, NABR members' declarations imply that they "customarily and actually" treat the commercial information as private, though they did not say how. Likewise, the declarations do not address whether the companies designated the information as "confidential" when they submitted the information to the Service, which may also be relevant. As to the second prong, CBD here asks that we take judicial notice of a document that may be relevant to whether the information at issue in this case was "provided to the government under an assurance of privacy" but that CBD inadvertently failed to file with the district court. On remand the district court may, if necessary, determine how to consider the significance of this evidence in the first instance. *See Clark*, 936 F.3d at 972 (remanding where appellant submitted new evidence for the first time on appeal).[3] As to both prongs, the district court has a "variety of tools" to more fully develop the record, if necessary. *Betz v. Trainer Wortham & Co.*, 610 F.3d 1169, 1171 (9th Cir. 2010).

For the above reasons we vacate the order granting summary judgment to CBD and against the Service. The district court in its discretion may allow the

---

[3] We accordingly deny CBD's request for judicial notice as moot.

parties to supplement the factual record in light of the new standard adopted in

*Food Marketing*.

VACATED in part and REMANDED for further proceedings. The parties

shall bear their own costs on appeal.

5