FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

SHAKARA THOMAS CARTER,
*Defendant-Appellant.*

No. 19-10411

D.C. No.
2:06-cr-00468-
WBS-DB-1

OPINION

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted October 22, 2021
Submission Withdrawn November 2, 2021
Resubmitted August 10, 2022
San Francisco, California

Filed August 17, 2022

Before: Mary H. Murguia, Chief Judge, and Marsha S.
Berzon and Carlos T. Bea, Circuit Judges.

Opinion by Judge Bea

## SUMMARY[*]

### Criminal Law

The panel vacated the district court's order granting in part and denying in part Shakara Carter's motion to be resentenced under the First Step Act of 2018, and remanded.

The panel wrote that *Concepcion v. United States*, 142 S. Ct. 2389 (2022), has three holdings relevant here:  (1) that the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence; (2) that because district courts must consider nonfrivolous arguments presented by the parties, the First Step Act requires district courts to consider intervening changes when parties raise them; and (3) that district courts ruling on First Step Act motions bear the standard obligation to explain their decisions, and accordingly must give a brief statement of reasons to demonstrate that they considered the parties' arguments— including arguments pertaining to intervening changes in law or fact.

The panel wrote that *Concepcion*'s first holding conflicts with this court's decision in *United States v. Kelley*, 962 F.3d 470 (9th Cir. 2020), which held that the First Step Act does not authorize the district court to consider other legal changes, outside of Sections 2 and 3 of the Fair Sentencing Act, that may have occurred after the defendant committed the offense.  The panel wrote that on this issue, *Concepcion* abrogates *Kelley*.

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

Applying *Concepcion*'s principles, the panel held that the district court erred by granting in part and denying in part Carter's resentencing motion with no explanation whatsoever, where Carter raised intervening legal and factual changes to support the sentence reduction that he requested.

---

## COUNSEL

David M. Porter (argued), Assistant Federal Defender; Heather E. Williams, Federal Defender; Office of the Federal Public Defender, Sacramento, California; for Defendant-Appellant.

Jason Hitt (argued), Assistant United States Attorney; Camil A. Skipper, Appellate Chief; McGregor W. Scott, United States Attorney; United States Attorney's Office, Sacramento, California; for Plaintiff-Appellee.

---

## OPINION

BEA, Circuit Judge:

In this case, Shakara Carter appeals a district court order granting in part and denying in part his motion to be resentenced under the First Step Act of 2018. We have jurisdiction under 28 U.S.C. § 1291. Because the district court decided Carter's motion without demonstrating that it considered his nonfrivolous arguments, we vacate and remand.

## I.

In 2009, Carter pleaded guilty to one count of possession with intent to distribute at least 5 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and one count of using and carrying a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c).  Under the then-applicable laws, Carter's statutory sentencing range was 10 years to life and his sentencing guideline range was 322 to 387 months.  He ultimately was sentenced to the low end, 322 months in prison.

In 2010, Congress enacted the Fair Sentencing Act, which prospectively reduced certain federal penalties for possession of cocaine base, including the statutory penalty that governed Carter's sentence for possession of cocaine base with intent to distribute.  *See* Pub L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010).  And in 2018, Congress enacted the First Step Act, which authorizes district courts to apply the Fair Sentencing Act's penalty reductions retroactively to cocaine-base offenses committed before the Fair Sentencing Act's effective date.  *See* Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018).   Under the First Step Act, defendants convicted of a cocaine-base offense and sentenced under the penalties that later were reduced by the Fair Sentencing Act may petition a district court to "impose a reduced sentence as if . . . the Fair Sentencing Act of 2010 . . . were in effect" when the offense was originally committed.  *Id.* § 404(b).

In 2019, Carter filed a motion to reduce his sentence under the First Step Act.  His motion argued that: 1) he was eligible for a sentence reduction because he was sentenced under the higher cocaine base penalties that predated the 2010 Fair Sentencing Act; and 2) he deserved to have his sentence reduced from 322 months to 144 months because

he was a "model prisoner," had "thorough and realistic release plans," and because if he were sentenced today, he would be subject to statutory sentence range of 0 to 30 years and a sentencing guideline range of 144 to 165 months, both far shorter than the ranges applicable at his original sentencing. The government agreed that Carter was eligible for resentencing under the First Step Act but argued for a smaller sentence reduction.

The day after briefing on Carter's resentencing motion concluded, and without holding a hearing, the district court issued an order granting in part and denying in part Carter's motion and reducing his sentence from 322 months to 262 months.[1] The district court's order provided no explanation for its decision, and Carter timely appealed the district court's resentencing decision.

## II.

While this case was pending, the Supreme Court decided *Concepcion v. United States*, 142 S. Ct. 2389 (2022). *Concepcion* has three holdings relevant here. First, *Concepion* held that "the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence." *Id.* at 2404. Second, *Concepcion* held that because district courts must "consider nonfrivolous arguments presented by the parties, the First Step Act requires district courts to consider intervening changes when parties raise them." *Id.* at 2396. And third, *Concepcion* held that district courts ruling on First Step Act motions bear the "standard obligation to explain their decisions," and accordingly must give a "brief statement of

---

[1] The district court also reduced Carter's term of supervised release from 86 to 72 months.

reasons" to "demonstrate that they considered the parties' arguments"—including arguments pertaining to intervening changes in law or fact. *Id.* at 2404.

*Concepcion*'s first holding conflicts with our decision in *United States v. Kelley*, 962 F.3d 470 (9th Cir. 2020). *Kelley* held that "the First Step Act . . . does not authorize the district court to consider other legal changes," outside of Sections 2 and 3 of the Fair Sentencing Act, "that may have occurred after the defendant committed the offense." *Id.* at 475. *Concepcion* held otherwise, instructing that "the First Step Act *allows* district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." 142 S. Ct. at 2404 (emphasis added). On this issue, *Concepcion* abrogates *Kelley* and we apply *Concepcion*, not *Kelley*. *Cf. Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc).

Applying *Concepcion*'s principles here, the district court erred. Carter raised intervening legal and factual changes to support the sentence reduction that he requested. He cited, for instance, his prison good behavior and consequent lack of prison discipline, his "post-conviction rehabilitation," and the fact that were he sentenced today, he would be subject to a statutory sentence range of 0 to 30 years and a sentencing guideline range of 144 to 165 months, both far shorter than the ranges applicable at his original sentencing. The First Step Act required the district court both to consider these nonfrivolous arguments and to prove that it had done so by providing a "brief statement of reasons." *Concepcion*, 142 S. Ct. at 2404. Instead, the district court granted in part and denied in part Carter's resentencing motion with no explanation whatsoever. We thus vacate the resentencing order below and remand.

**VACATED** and **REMANDED**.