NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 22-2176, 22-2178, 22-2195
_____

UNITED STATES OF AMERICA

v.

ANTOINE ALICEA, a/k/a Twan, a/k/a Twiz, a/k/a Twizzy
Appellant
_____

UNITED STATES OF AMERICA

v.

KAREEM SMITH, a/k/a Wink, a/k/a Lucky, a/k/a Lamar Jones, a/k/a Ronald Parker
Appellant
_____

UNITED STATES OF AMERICA

v.

JAMAL TURNQUEST, a/k/a Pop; a/k/a P.
Appellant
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Nos. 2-07-cr-00737-015, 2-07-cr-00737-001 & 2-07-cr-00737-002)

District Judge: The Honorable Eduardo C. Robreno
_____

Argued May 18, 2023
_____

Before: CHAGARES, *Chief Judge*, GREENAWAY, JR.,
and PHIPPS, *Circuit Judges*.

(Opinion Filed: June 12, 2023)

Samantha K. Drake  **[Argued]**
Brett G. Sweitzer
Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut Street
The Curtis Center, Suite 540 West
Philadelphia, PA 19106,
   *Counsel for Appellants*

Bernadette A. McKeon
Elizabeth M. Ray **[Argued]**
Robert A. Zauzmer
Office of the United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
   *Counsel for Appellee*

_____

OPINION[*]
_____

GREENAWAY, JR. *Circuit Judge*.

The District Court did not properly consider Appellants' First Step Act § 404 motions. The Supreme Court and many circuits, including ours, have made clear that "when deciding a First Step Act motion, district courts bear the standard obligation to explain decisions and demonstrate that they considered the parties' arguments." *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022). A district court must provide more than a mere recitation of the factors. Because the District Court did not address all of

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellants' nonfrivolous arguments, we will vacate and remand the District Court's denial of Appellants' motions.[1]

## I.  BACKGROUND

Appellants Kareem Smith, Jamal Turnquest, and Antoine Alicea (together, "Appellants") were convicted of various offenses, most of which fall under the category of crimes eligible for discretionary relief under the First Step Act. All three filed First Step Act § 404(c) motions seeking reduction of their sentences with respect to the eligible crimes. Alicea presented evidence and arguments about his rehabilitation and overall positive prison record, a strong support system and release plan, his limited role as a nonviolent outside supplier, letters in support of his release, and his lack of any criminal history before this offense and conviction. Smith presented evidence and arguments about his sentencing scheme had he been sentenced post the passage of the First Step Act, his efforts at rehabilitation, and family support to aid his reintegration into society. Turnquest presented evidence and arguments about his reduced Guidelines range, a time credit issue

---

[1] Chief Judge Chagares concurs in the judgment, reasoning as follows. In a First Step Act resentencing proceeding, like other sentencing proceedings, a district court has "an obligation to explain [its] decision[] and demonstrate that [it] considered the parties' arguments." *Concepcion*, 142 S. Ct. at 2404. But the precise scope of this obligation depends upon the circumstances of each case, and "[t]he law leaves much, in this respect to the judge's own professional judgment." *Rita v. United States*, 551 U.S. 338, 356 (2007). *See Concepcion*, 142 S. Ct. at 2405 (noting that the First Step Act does not "require a district court to make a point-by-point rebuttal of the parties' arguments."). To permit effective review, however, the district court "should set forth enough to satisfy the appellate court that he has considered the parties arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita*, 551 U.S. at 356. The District Court's orders, in this case, do not meet this modest threshold, in Chief Judge Chagares's view.

that none of the parties nor the District Court could foresee at sentencing, his overall satisfactory prison record, and his efforts at rehabilitation, including serving as a community outreach worker and securing employment with a moving company when he was temporarily released by the BOP under the CARES Act.

The District Court denied relief under the First Step Act to all three defendants. As for Alicea, the District Court wrote, in relevant part:

> After considering the relevant section 3553(a) factors, the Court, in exercising its discretion, finds that the factors do not weigh in favor of granting Alicea's motion. Because *the Guidelines range remains the same*, and given the nature of the offense, Alicea's history and role in the conspiracy *as a principal supplier*, and the need to avoid unnecessary sentencing disparities, the Court concludes, inter alia, that Alicea's current sentence adequately reflects the seriousness of his crime and provides just punishment for the offense, affords adequate deterrence to others, and protects the public from further crimes by Alicea.

App. 8.

As for Smith, the District Court wrote, in relevant part:

> After considering the section 3553(a) factors, the Court, in exercising its discretion, finds that the factors do not weigh in favor of granting Smith's motion. Given the nature of the offense, Smith's history and role in the conspiracy as the organizer of the drug ring, the need to avoid unnecessary sentencing disparities, and given that the Court previously granted the motion for a downward departure, the Court concludes, inter alia, that Smith's current sentence adequately reflects the seriousness of his crime and provides just punishment for the offense, affords adequate deterrence to others, and protects the public from further crimes by Smith.

App. 10.

As for Turnquest, the District Court wrote, in relevant part:

> After considering the relevant section 3553(a) factors, the Court, in exercising its discretion, finds that the factors do not weigh in favor of granting Turnquest's motion. Given the nature of the offense, Turnquest's history and significant role in the conspiracy, the need to avoid unnecessary sentencing disparities, and given that the Court previously granted the motion for a downward variance, the Court

4

concludes, inter alia, that Turnquest's current sentence adequately reflects the seriousness of his crime and provides just punishment for the offense, affords adequate deterrence to others, and protects the public from further crimes by Turnquest.

App. 12.

## II. JURISDICTION

District courts have original jurisdiction over such prosecutions pursuant to 18 U.S.C. § 3231. The instant appeals challenge the District Court's orders, entered on June 21, 2022, denying Appellants' motions for reduced sentences under Section 404 of the First Step Act. This Court has jurisdiction under 28 U.S.C. § 1291 over appeals from a final decision of a district court. Timely notices of appeal were filed.

## III. STANDARD OF REVIEW

On appeal of a decision under § 404 of the First Step Act, this Court reviews the record to ensure that a district court has "made no legal errors and 'has demonstrate[d] that it has considered the arguments before it.'" *United States v. Shields*, 48 F.4th 183, 194 (3rd Cir. 2022) (quoting *Concepcion*, 142 S. Ct. at 2404-05). When a district court finds a defendant eligible for relief under the First Step Act, but either declines to reduce the sentence or imposes a reduced sentence with which the movant is unsatisfied, we review for abuse of discretion. *See id.* at 189.

## IV. DISCUSSION

The District Court erred in denying Appellants' First Step Act § 404 motions without providing its rationale in assessing each Appellant's nonfrivolous arguments.

The Supreme Court recently announced in *Concepcion* that "when deciding a First Step Act motion, district courts bear the standard obligation to explain their decisions and demonstrate that they considered the parties' arguments." *Concepcion*, 142 S. Ct. at 2404; *see also United States v. Easter*, 975 F.3d 318, 323 (3d Cir. 2020) (requiring district courts to show their consideration of the parties' arguments), *abrogated on other grounds by Concepcion*, 142 S. Ct. 2404. In holding so, the Supreme Court explained that there is a long and durable tradition that sentencing judges enjoy discretion in the sort of information they may consider at initial sentencing proceedings that carry over to sentencing modification proceedings and that the same principles at initial sentencing proceedings also apply to sentencing modification proceedings. *Id.* at 2398-99. In exercising that discretion in the context of the First Step Act motion and against the backdrop of these long-held principles, "district courts bear the standard obligation to explain their decisions and demonstrate they considered the parties' arguments." *Id.* at 2404.

Shortly after *Concepcion* was decided, we decided *Shields*, 48 F.4th at 184. In *Shields*, we reiterated the principles announced in *Concepcion*—i.e., the district court's statement of reasons may be brief, but it must make clear that it considered the parties' arguments.[2] *Id.* We also recognized that *Easter*'s requirement that a district court

---

[2] The dissent imports into the plurality opinion words that are not there. There is no edict stated here requiring a point-by-point rebuttal. None of the cases in the troika referenced here, that relate to the First Step Act, set forth a notion of "conceptually simple arguments" as an exception. *Post*, at 1. Further, far from requiring an onerous level of detail, as my dissenting colleague suggests, only the modest threshold, that my colleague concurring in the judgment suggests, is necessary.

demonstrate their consideration of parties' arguments remained good law post-*Concepcion*. *See id.* at 190-193.

*Easter*, *Concepcion*, and *Shields* make clear that while a district court's order may be brief and need not be a point-by-point rebuttal, it must make clear that it considered the movant's nonfrivolous arguments and do so in a way that allows our Court to effectively review its order. *See Concepcion*, 142 S. Ct. at 2404-05 (The First Step Act does not require "courts to expressly rebut each argument," but district courts must "demonstrate that it has considered the arguments before it") *United States v. Grier*, 475 F.3d 556, 572 (3d Cir. 2007) (stating that the reasoning needs to be "sufficiently detailed," so "that [it] lends itself to effective review); *Shields*, 48 F.4th at 194 (approvingly quoting and citing *Grier*); *see also Gall v. United States*, 552 U.S. 38, 50 (2007) (stating that a sentencing judge must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing").

Here, the District Court's orders explaining why it rejected Appellants' motions are undeniably brief, almost identical except for several words in the analysis section, and do not make clear that it reasoned through the parties' nonfrivolous arguments.[3] *See Concepcion*, 142 S. Ct. at 2404 ("[A] district court must 'make clear that it reasoned through [the parties'] arguments.'" (alterations in original) (quoting *United States v. Maxwell*, 991 F.3d 685, 694 (6th Cir. 2021)). Although the District Court need not respond

---

[3] The threshold question is whether arguments presented for consideration for relief under § 404(c) are nonfrivolous. Appellants' arguments are nonfrivolous and the Government agrees that they are nonfrivolous.

to every argument raised, *id.*, the District Court did not address Alicea's arguments about his post-sentence rehabilitation, strong support system and release plan, and lack of criminal history before the instant offense, *see United States v. Pawlowski*, 27 F.4th 897, 912 (3d Cir. 2022) (affirming where the district court considered, "with extraordinary care," letters and character testimony submitted on defendant's behalf). Nor did the District Court consider Alicea's good behavior while incarcerated. *See United States v. Newbern*, 51 4th 230, 233 (7th Cir. 2022). (stating that the district court inadequately reasoned through the defendant's arguments based on his good behavior in prison); *see also United States v. Carter*, 44 F.4th 1227, 1129 (9th Cir. 2022) (concluding that "the district court erred" because it did not, among other things, address the defendant's arguments and evidence about his "prison good behavior and consequent lack of prison discipline, and his 'post-conviction rehabilitation'"). In sum, the error is that the District Court clearly did not enunciate specifically or by general reference that it had grappled with Appellants' nonfrivolous arguments. *Maxwell*, 991 F.3d at 693-94 (affirming the district court's denial for relief under the First Step Act where it was "clear that the court reasoned through [Appellant's] arguments").

Smith requested that the District Court consider the different sentencing scheme he would have faced if he was sentenced today, his rehabilitation, and family support to reenter and reintegrate into society. The District Court rejected his motion but made no mention that Smith was subject to life imprisonment at the time of sentencing and that following the First Step Act, he would not have faced an enhanced, mandatory, or statutory range of life imprisonment. At least one of his prior convictions may not have qualified as

8

an enhancement following the First Step Act.[4] Nor did the District Court discuss evidence of rehabilitation and family support. These were nonfrivolous arguments that the District Court had to consider.

Turnquest sought a reduction based on his reduced Guidelines range, a substantial time credit issue that neither the parties nor the District Court could foresee at sentencing and his efforts at rehabilitation. The District Court briefly referenced an argument in support of a sentence reduction, *see* App. 12 ("[T]he Court previously granted the motion for a downward variance"). This brief discussion is enough for this issue because it is sufficiently detailed for us to review. *See Concepcion*, 142 S. Ct. at 2404 (stating that a district court's reasons may be brief so long as it demonstrates that it considered the defendant's arguments); *Shields*, 48 F.4th at 194 (same).

That said, the District Court did not address Turnquest's rehabilitation and accomplishments since being temporarily released under the CARES Act. *See Pepper v. United States*, 562 U.S. 476, 490 (2011) (evidence of a defendant's post-sentencing rehabilitation is "[h]ighly relevant—if not essential—to [the] selection of an appropriate sentence" (alterations in original) (citations omitted)).

---

[4] Section 401 of the FSA eliminated the statutory life range under which Smith was sentenced and reduced it to 25 years. *See* First Step Act of 2018, S. 3747, 115th Cong. § 401 (2018). More importantly, it narrowed the class of enhancement predicates in § 841(b)(1)(A) and (B) to what is now called "serious drug felonies," offenses punishable by 10 years or more and for which a defendant served more than one-year imprisonment. *See id*. § 401. The District Court's Order does not make clear that it considered any of this.

9

The District Court's discussion does not allow us to conclude that it met its obligation to consider Appellants' nonfrivolous arguments. Hence, we cannot effectively review its order, as required by *Concepcion*, *Easter*, and *Shields*.

## V.    CONCLUSION

Accordingly, we will vacate the District Court's orders and remand with instructions to reconsider its orders consistent with this opinion.

PHIPPS, *Circuit Judge*, dissenting.

The Lead Opinion treats as mandatory a process that statute and Supreme Court precedent make discretionary. In response to a motion for a sentence reduction, a district court must show that it *considered* the parties' non-frivolous arguments, but the law does not require a district court to *respond* to those contentions point by point. *See* 18 U.S.C. § 3582(c) (authorizing district courts to reduce a previously imposed sentence under certain circumstances "after *considering* the factors set forth in section 3553(a) to the extent that they are applicable" (emphasis added)); *Concepcion v. United States*, 142 S. Ct. 2389, 2405 (2022) ("All that is required is for a district court to demonstrate that it has *considered* the arguments before it." (emphasis added)); *Rita v. United States*, 551 U.S. 338, 359 (2007) (holding that even at an original sentencing, when a case is "conceptually simple . . . and the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively"); *see also United States v. Shields*, 48 F.4th 183, 191–94 (3d Cir. 2022) (requiring *consideration* of a movant's non-frivolous arguments); *United States v. Easter*, 975 F.3d 318, 323–27 (3d Cir. 2020) (requiring *consideration* of the 18 U.S.C. § 3553(a) factors). Yet here, the Majority vacates and remands these consolidated appeals because, although the record shows that the District Court *considered* the movants' myriad post-sentencing mitigation arguments, the District Court did not *explain* in detail why it was rejecting each of those arguments or *identify* specifically each argument that it considered. But all the law requires for conceptually simple arguments is demonstrated consideration – not a point-by-point explanation or recital – and consequently, the orders denying the sentence-reduction motions should be affirmed. *See Concepcion*, 142 S. Ct. at 2405 (explaining that a district court need not "make a point-by-point rebuttal of the parties' arguments"); *United States v. McMaryion*, 64 F.4th 257, 262 (5th Cir. 2023)

("The question . . . is not whether the district court *could* offer a lengthy explanation after considering myriad factors – it's whether the district court *must*. Nothing in *Concepcion* . . . requires the second proposition.").

Far from the level of detail demanded by the Lead Opinion, the Supreme Court has approved a check-the-box approach to resolving motions for a sentence reduction. In *Chavez-Meza v. United States*, 138 S. Ct. 1959 (2018), a district judge denied the requested reduction by checking a box on a Form AO-247 issued by the Administrative Office of the United States Courts, which certified that he had "considered" the motion and "tak[en] into account" the 18 U.S.C. § 3553(a) sentencing factors. *Chavez-Meza*, 138 S. Ct. at 1965 (assuming that "district courts have equivalent duties when initially sentencing a defendant and when later modifying the sentence"). Although the movant had raised non-frivolous post-sentencing rehabilitation arguments in his motion – emphasizing the courses he completed while in prison, his efforts to obtain a GED, and the appropriateness of a proportional reduction – the Supreme Court did not require the district court to explain further, respond to, or even mention those arguments due to their conceptual simplicity. *See id.* at 1965–68; *United States v. Chavez-Meza*, 1:12-cr-00701, ECF No. 169 (D.N.M. Aug. 10, 2015).

Here, the District Court exceeded that check-the-box approach. Much like Chavez-Meza, the movants in these cases raised conceptually simple mitigation arguments, highlighting, for instance, their positive records while incarcerated and community support. In each of its responsive orders, the District Court recognized that the movants raised those post-sentencing § 3553(a) arguments, acknowledged its obligation to consider them, and indicated expressly that it had considered the sentencing factors. *See United States v. Tomko*, 562 F.3d 558, 568–69 (3d Cir. 2009) (en banc)

(holding that, in imposing the original sentence, the district court "meaningfully consider[ed]" the government's general-deterrence arguments by referencing "the sentencing goals of punishment, deterrence and rehabilitation" (internal quotation marks omitted) (emphasis removed)); *see also Easter*, 975 F.3d at 326 ("[A] district court need simply acknowledge it has considered the § 3553(a) factors 'to the extent that they are applicable.'" (quoting 18 U.S.C. § 3582(a))). The District Judge also acknowledged several other movant-specific issues in its orders, such as Jamal Turnquest's argument that his Guidelines range would be lower if he were sentenced today, his request for a proportional variance, and the fact that the First Step Act lowered the mandatory minimum sentence for Kareem Smith's offense.[1] Lastly, the District Judge provided individualized reasons for denying each motion.[2]

While that explanation alone surpasses the standard set by the Supreme Court for demonstrating the requisite consideration, "the record as a whole" further confirms that the District Judge "considered the parties' arguments and ha[d] a reasoned basis for

---

[1] The Lead Opinion asserts that the District Court "made no mention that Smith was subject to life imprisonment at the time of sentencing and that following the First Step Act, he would not have faced an enhanced, mandatory, or statutory range of life imprisonment." Lead Op. at 7–8. But the District Court did acknowledge that originally "Smith was subject to a mandatory minimum sentence of life under 21 U.S.C. § 841(b)(1)(A)" and that "the First Step Act reduces Smith's mandatory minimum sentence . . . to 10 years' imprisonment under section 841(b)(1)(B)." App. 9–10. Although it did not detail the First Step Act's effect on Smith's prior convictions, these statements suggest the District Court's awareness of the different sentencing scheme that he might face today.

[2] As to Antoine Alicea, the District Court explained that his Guidelines range remains the same as at his original sentencing, emphasized his role in the conspiracy as one of its suppliers of cocaine, and reiterated its previous finding that Alicea was responsible for 59.1 kilograms of crack. Regarding Smith, the District Court stressed his role as the leader of the drug gang and noted that it already granted him a significant downward departure. Finally, the District Court observed that Turnquest played a substantial role in the conspiracy (he was one of the gang's managers) and noted that it already granted him a downward variance at his original sentencing.

exercising his own legal decisionmaking authority." *Chavez-Meza*, 138 S. Ct. at 1967 (quoting *Rita*, 551 U.S. at 356). As in *Chavez-Meza*, the District Judge had before him full briefing from the parties regarding each movant's mitigation arguments, and there is no doubt that he reviewed those submissions. *See id.* Further, as "the same judge who had sentenced [the movants] originally," *id.*, the District Judge had already explained his reasons for their sentences, and many of the arguments made in the instant motions echoed those already presented, considered, and addressed at sentencing. The District Court, for example, already considered that Antoine Alicea "[spends] his time fruitfully while he is in prison," "has a supportive family," and "has friends and supporters in the community." *United States v. Smith*, 2:07-cr-00737, ECF No. 840, at 40 (E.D. Pa. Jan. 31, 2011). And it explained at length why it found those types of arguments unpersuasive in this case, pondering that "it's as if there are two Antoine Aliceas." *Id.* With that context, "there was not much else for the judge to say." *Chavez-Meza*, 138 S. Ct. at 1967.

In the end, the Lead Opinion seems to fault the District Court for not reciting each of the movants' arguments at a greater level of specificity, such as by stating, "I have considered Smith's family-support arguments." But gauging the appropriate level of specificity is not only an invitation for arbitrary appellate review (as these cases themselves demonstrate),[3] it also affronts the broad discretion the Supreme Court has

---

[3] *Compare* Lead Op. at 8 (statement that the District Court "previously granted [Turnquest's] motion for a downward variance," App. 12, was sufficient to show consideration of his post-sentencing time-credit argument), *with, e.g.*, Lead Op. at 7 (District Court's statement that Alicea's Guidelines range was "based on . . . a criminal history category of I" and "remains the same," App. 8, was not enough to show that it considered his lack of criminal history), *and* Lead Op. at 7–9 (District Court's statements that each movant "primarily argues that the relevant 18 U.S.C. § 3553(a) factors weigh in favor of a reduction" and that it "should consider post-sentencing developments, such as . . . rehabilitation arguments," App. 8, 10, 12 (internal quotation marks omitted), was not

afforded to district courts in deciding how much explanation to provide when ruling on sentence-reduction motions. *See Concepcion*, 142 S. Ct. at 2404 (emphasizing that appellate review in this area "should not be overly searching" and that the degree of explanation is left to "the [district] judge's own professional judgment" (quoting *Chavez-Meza*, 138 S. Ct. at 1961)). And even if a precise incantation of each argument considered and rejected served some compelling function, it is not legally required. *See Concepcion*, 142 S. Ct. at 2404–05; *Rita*, 551 U.S. at 359. By reaching a contrary conclusion, the Lead Opinion treats as mandatory what statute and binding precedent treat as discretionary.

For these reasons, I respectfully dissent.

---

enough to show that it considered the movants' post-sentencing rehabilitation arguments).