NOT FOR PUBLICATION

FILED

AUG 29 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   20-50158 |
| Plaintiff-Appellee, | D.C. Nos.<br>2:05-cr-00578-JFW-36<br>2:05-cr-00578-JFW |
| v. | |
| SERGIO MEJIA, AKA Jaws, AKA Seal JJ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted July 12, 2023
Pasadena, California

Before:  SANCHEZ and MENDOZA, Circuit Judges, and DONATO,** District
Judge.

Sergio Mejia appeals the district court's order denying his motion for

resentencing under the First Step Act of 2018.  In the exceptionally unique posture

of this case, we conclude that the district court's order is not a "final decision[]."

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable James Donato, United States District Judge for the
Northern District of California, sitting by designation.

28 U.S.C. § 1291. We therefore dismiss Mejia's appeal for lack of jurisdiction.

## I.

Mejia was convicted in 2007 of a conspiracy to manufacture and distribute crack cocaine and methamphetamine. The conviction, coupled with his prior convictions for drug-related felonies, triggered a mandatory life sentence under then-applicable law.

Mejia appealed his conviction to this Court. *See United States v. Yepiz*, 718 F. App'x 456 (9th Cir. 2017). In that previous appeal, Mejia presented new evidence suggesting that the government failed to disclose that a key witness "made hundreds of thousands of dollars assisting law enforcement." *Id.* at 466. We agreed with Mejia that the purported payments "could very well have resulted in the jury disbelieving all of [the witness's] testimony." *Id.* But we observed that the facts surrounding the payments were in dispute. *Id.* We therefore "remand[ed] to the district court so that it [could] engage in the necessary factfinding to ascertain whether [the witness] received benefits that were undisclosed to [Mejia] at the time of trial." *Id.* If so, we instructed the district court to determine whether the government violated Mejia's due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963), which would entitle him to a new trial. *Id.* We did not state that

Mejia's conviction or sentence were vacated. *Id.*[1] We affirmed the district court "as to all other issues" Mejia raised in that appeal. *Id.*

Mejia's *Brady* challenge has remained pending in the district court since our remand in 2017. Mejia and the government have engaged in extensive discovery for several years and have postponed deadlines for post-discovery briefing several times. The district court recently scheduled a hearing for Mejia to present arguments based on the evidence the government produced to him. *See United States v. Yepiz*, No. 05-00578 (C.D. Cal.), ECF No. 5121.

Meanwhile, Congress enacted the First Step Act of 2018, allowing certain defendants convicted of crack-cocaine-related offenses to seek reduced sentences. *See* Pub. L. No. 115-391, 132 Stat. 5194 (2018). Mejia contends that he is eligible for a less-than-life sentence under that Act. He filed a motion asking the district court to reduce his sentence to a term between fourteen and seventeen years. The

---

[1] Mejia urges us to construe our remand in *Yepiz* as having implicitly vacated his judgment of conviction. Where "neither we nor the trial court know" whether a *Brady* violation prejudiced a defendant's trial, "the appropriate step is to vacate the defendant's conviction and remand to the district court for an evidentiary hearing." *United States v. Alvarez*, 358 F.3d 1194, 1208 (9th Cir. 2004) (quoting *United States v. Bernal-Obeso*, 989 F.2d 331, 335–36 (9th Cir. 1993)). As the parties note, this practice is not always followed. *See, e.g.*, *United States v. Blanco*, 392 F.3d 382 (9th Cir. 2004) (remanding without vacatur). When we have vacated a conviction, however, we have done so expressly, *see, e.g.*, *United States v. Doe*, 705 F.3d 1134, 1157 (9th Cir. 2013); *United States v. Hanna*, 55 F.3d 1456, 1462 (9th Cir. 1995), and nothing about the *Yepiz* remand suggests that we concurrently vacated Mejia's judgment of conviction.

3

district court denied the motion, determining that the First Step Act did not affect the methamphetamine aspect of Mejia's conspiracy conviction, which independently required a life sentence. Mejia timely filed this appeal.

## II.

As a court of limited subject-matter jurisdiction, we must independently ensure that we do not exceed the scope of authority granted to us by Congress. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 1202 (2011).[2] Federal statute provides us with jurisdiction to review "final decisions of the district courts." 28 U.S.C. § 1291.

Here, the ongoing *Brady*-challenge proceedings create a unique puzzle for assessing the finality of the district court's resentencing order. We regularly assert jurisdiction for reviewing resentencing orders. *See, e.g.*, *United States v. Carter*, 44 F.4th 1227, 1227 (9th Cir. 2022) (reviewing order denying a motion for resentencing under the First Step Act); *United States v. Dunn*, 728 F.3d 1151, 1158 (9th Cir. 2013) (same for order denying resentencing under 18 U.S.C. § 3582(c)). But a defendant usually may not move for resentencing in the district court until

---

[2] Mejia and the government both assert that the district court's order is "final" for purposes of our jurisdiction. But "the mere consent of parties cannot confer upon a court of the United States the jurisdiction to hear and decide a case." *People's Bank v. Calhoun*, 102 U.S. 256, 260–61 (1880). We therefore address our jurisdiction *sua sponte*. *See In re Landmark Fence Co., Inc.*, 801 F.3d 1099, 1102 (9th Cir. 2015).

after questions regarding the validity of his conviction and sentence are resolved on direct appeal. *See In re Silberkraus*, 336 F.3d 864, 869 (9th Cir. 2003) (noting that the filing of an appeal "generally divests the trial court of jurisdiction" to conduct further proceedings in the matter); *United States v. Taylor*, 648 F.2d 565, 572 (9th Cir. 1981) ("[A]n appeal severely restricts the filing of a collateral claim with the District Court, to avoid any anomaly associated with the simultaneous consideration of the same case by two courts."). Here, in contrast, the ongoing *Brady*-challenge proceedings have the potential to result in Mejia's conviction and sentence being vacated. We have found no precedent—from this circuit or others—that addresses this particular "anomaly."

In the criminal context, "the term 'final decision' normally refers to a final judgment, such as a judgment of guilt, that terminates a criminal proceeding." *Sell v. United States*, 539 U.S. 166, 176 (2003); *see Berman v. United States*, 301 U.S. 211, 212 (1937) ("Final judgment in a criminal case means sentence."). The Supreme Court has recognized certain exceptions: "a preliminary or interim decision is appealable as a 'collateral order' when it (1) conclusively determines the disputed question, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment." *Sell*, 539 U.S. at 176 (internal quotation marks and alterations omitted) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)). Neither the

5

normal meaning of "final decision" nor the collateral order exception fit this case.

The district court's resentencing order did not "terminate [the] criminal proceeding" and was therefore not a final judgment. *Sell*, 539 U.S. at 166. The court's order was not "the court's final act in the matter" of Mejia's criminal case because the *Brady*-challenge proceedings remain ongoing, and the resentencing order was therefore not a "full adjudication of the issues" concerning Mejia's conviction and sentence. *Nat'l Distrib. Agency v. Nationwide Mut. Ins. Co.*, 117 F.3d 432, 433 (9th Cir. 1997).

The district court's resentencing order is also not a collateral order. True, the order conclusively determined that Mejia is ineligible for resentencing. And Mejia's eligibility for resentencing under the First Step Act is arguably "completely separate" from his *Brady* challenge. Crucially, however, the order is not "effectively unreviewable on appeal from a final judgment." *Sell*, 539 U.S. at 166. If the district court ends the proceedings in Mejia's case by rejecting his *Brady* challenge, Mejia will be entitled to a review of that decision in this court. *See Betz v. Trainer Wortham & Co.*, 610 F.3d 1169, 1171 (9th Cir. 2010) ("Once the district court has made its decision and a final order is presented, that matter can again be appealed to this court if either party seeks further review."). And he may challenge the district court's resentencing order at that later stage. *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 897 (9th Cir.

2001) ("A necessary corollary to the final judgment rule is that a party may appeal interlocutory orders after entry of final judgment because those orders merge into that final judgment."). Because the doors of this court remain open to Mejia's future appeal of the issue, the collateral order exception does not apply here. *See United States v. Pace*, 201 F.3d 1116, 1119 (9th Cir. 2000) ("We need not consider the first two elements [of a collateral order] because [defendant]'s [challenge] is reviewable on appeal from a final judgment.").

We conclude that the district court's order denying Mejia's resentencing motion is neither a final decision nor a collateral order. We therefore lack jurisdiction to review it.[3]

**DISMISSED.**[4]

---

[3] We instructed the parties to provide supplemental briefing regarding the extraordinary delay at the district court in conducting the "necessary factfinding" concerning a possible *Brady* violation, as our remand directed. *See Yepiz*, 718 F. App'x at 476. We conclude mandamus relief is not warranted at this time, as Mejia consented to all but the most recent continuance and has not sought such relief himself. *See Bauman v. U.S. Dist. Ct.*, 557 F.2d 650, 654–55 (9th Cir. 1977). Nevertheless, we urge the district court to move expeditiously on this issue.

[4] The government's motion to file supplemental records under seal, Dkt. 71, is **GRANTED**.